OPINION
Defendant-appellant, Newcome Corp. ("Newcome"), appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, TLG Electronics, Inc. ("TLG"), in TLG's action for payment on an account for goods Newcome ordered pursuant to a purchase order. Newcome assigns a single error:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
According to the evidence presented in the trial court in connection with TLG's summary judgment motion, on January 9, 1992, the parties entered into a written agreement. According to its terms, TLG agreed to supply Newcome with different types of computer cables of various lengths bearing Newcome's name and telephone number. The agreement also included the following language:
 Because these items require a min [sic] order quantity and are purchased specifically for your company we need you to return this letter signed. Your commitment to TLG is to purchase this proprietary inventory from TLG, in the event you no longer require this inventory for any reason, this inventory will be considered to be inactive after 90 days of non usage by Newcome Electronics. After 90 days TLG will present an invoice to Newcome for existing inventory, Newcome will pay for such inventory under normal TLG terms and advise TLG of disposition of these inventories.
The agreement was signed by authorized agents of TLG and Newcome.
In late 1997 or early 1998, Newcome advised TLG of its intent to change its cable supplier. On February 5, 1998, TLG sent Newcome a letter indicating TLG had in stock a considerable amount of cable purchased exclusively for Newcome, and it expected Newcome to honor its commitment to purchase the inventory. On October 2, 1998, TLG followed up with a letter to Newcome stating that "no substantial movement of this inventory" had taken place during the previous eight months. Pursuant to the agreement, TLG (1) requested Newcome issue a purchase order for TLG's remaining inventory, and (2) stated TLG was "willing to work out payment terms and keep the material at [TLG's] facility for a period of 12 months at no charge to [Newcome] for warehousing." On or about May 7, 1999, Newcome issued purchase order number 38882 ("PO #38882") ordering $34,786.80 of cable. The delivery date for the order was written as "TBD." TLG attempted delivery of the goods, but Newcome accepted and paid for only $5,510 in cable; it refused delivery on the remaining cable worth $29,276.80.
On May 31, 2000, TLG filed a complaint against Newcome alleging breach of contract, quantum meruit, quantum valebant and a cause of action on account for Newcome's refusal to accept and pay for the remainder of the cable encompassed in PO #38882. TLG followed the complaint with a motion for summary judgment, seeking judgment as a matter of law on the account. (See May 7, 2001 Decision, 1-3.)
The trial court found PO #38882 to be a binding contract between the parties and granted TLG summary judgment. On June 5, 2001, TLG dismissed all of its remaining claims against Newcome. With no additional issues remaining, the trial court entered judgment for TLG on June 13, 2001, awarding TLG not only $29,276.80, but also charges for TLG's storage of the cable goods from October 2, 1999, twelve months after TLG's follow-up letter to Newcome, plus statutory interest and costs in the action.
On appeal, Newcome asserts genuine issues of material fact precluded the trial court's finding that PO #38882 was a binding contract. Newcome contends the material issues of fact are (1) whether the purchase order was a contract, by which defendant was bound to purchase all of TLG's excess cable inventory, rather than an expression of Newcome's willingness to merely consider the purchase of cable from TLG if and when it was practicable, (2) whether the "TBD" shipping term on the purchase order reflected Newcome's intent not to bind itself to a contract to purchase all the cable, (3) whether Newcome's purchase of some cable pursuant to the purchase order was sufficient to demonstrate Newcome's intent to purchase all cable referenced on the purchase order, and (4) whether Newcome properly rejected nonconforming goods.
Summary judgment shall not be rendered unless the moving party demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, with the non-moving party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. Appellate review of summary judgment motions is de novo. Motorists Mut. Ins. Co. v. Natl. Dairy Herd Improvement Assn., Inc. (2001), 141 Ohio App.3d 269,275. Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.
A valid contract requires that the parties have a meeting of the minds. Noroski v. Fallet (1982), 2 Ohio St.3d 77, 79. The "meeting of the minds" is normally manifested by an offer on the one side and acceptance on the other. Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 484; Dalicandro v. Morrison Rd. Dev. Co., Inc. (Apr. 17, 2001), Franklin App. No. 00AP-619, unreported. However, a liberal definition governs the formation of sales contracts under R.C. 1302.07, which provides that "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." American Bronze Corp. v. Streamway Products (1982), 8 Ohio App.3d 223, 227. "[A]n offer to make a contract shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances[.]" R.C. 1302.09(A)(1). See, also, Leaseway Distribution Centers, Inc. v. Ohio Dept. of Adm. Serv. (1988),49 Ohio App.3d 99, 105 (an offer is "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it"). "[C]onduct sufficient to show agreement, including performance, is a reasonable mode of acceptance." Central Transport, Inc. v. Cleveland Metallurgical Supply Co. (July 15, 1993), Cuyahoga App. No. 63055, unreported, citing American Bronze, supra, paragraph two of the syllabus. Generally, the submission of a purchase order may be deemed an offer to be accepted or rejected by the seller. Id., paragraph one of the syllabus; Central Transport, supra. See, also, Dyno Const. Co. v. McWane, Inc. (C.A.6, 1999), 198 F.3d 567, 572 (a buyer's purchase agreement is deemed an offer).
Here, the evidence presented to the trial court establishes that Newcome submitted to TLG a purchase order, signed by an authorized person, to purchase stated quantities of designated types and lengths of cable at specific unit prices for each type and length of cable specified in the purchase order. Apparently, the quantities stated on the purchase order reflect the entire inventory of cable TLG then stocked for Newcome, as Newcome presented no evidence otherwise. Newcome's written purchase order constituted an "offer" which invited TLG's acceptance. American Bronze; Central Transport, supra.
Newcome nevertheless contends the purchase order could not form the basis for a contract because it did not set a specific date for delivery; the purchase order instead reflected a shipping date of "TBD," which the parties agree means "to be determined." "Even though one or more terms are left open[,] a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." R.C.1302.07(C). A promise to buy and a promise to sell certain quantities of goods at specified prices is sufficient for the formation of a contract. Davis Laundry Cleaning Co. v. Whitmore (1915), 92 Ohio St. 44, syllabus. The delivery time is not an essential term of a contract where the parties do not specify it. Id. Accordingly, where an agreed time for delivery of goods is absent, R.C. 1302.22(A) provides it shall be a "reasonable time." Alliance Wall Corp. v. Ampat Midwest Corp. (1984),17 Ohio App.3d 59, 64. The missing term may be supplied by factual implication. Nilavar, supra, at 487, citing Mr. Mark Corp. v. Rush, Inc. (1983), 11 Ohio App.3d 167, 169. Accordingly, the failure of the purchase order to include a delivery date did not preclude formation of a contract.
According to the evidence before the trial court, TLG delivered four batches of cable pursuant to the purchase order; Newcome accepted delivery and made payment on some of the cable. TLG's beginning performance by delivering the goods served as an acceptance of the written purchase order, and constituted formation of the contract. R.C. 1302.09, commentary; Alliance Wall, supra. The omission of a specific delivery date did not prevent the formation of a contract; instead the delivery time merely became a "reasonable time." R.C. 1302.22(A).
Newcome further asserts its purchase of some of the cable pursuant to the purchase order was insufficient to demonstrate its intent to purchase all the cable referenced in the purchase order. Newcome's argument is unavailing because the contract was formed and became valid according to its terms upon TLG's performance by beginning delivery of the cable Newcome ordered in the purchase order, resulting in TLG's acceptance of the offer in the form of a purchase order. R.C. 1302.09. Moreover, Newcome admitted it accepted and paid for a portion of the cable delivered pursuant to the purchase order. The parties' conduct thus demonstrates TLG and Newcome both recognized the existence of a contract. Alliance Wall, supra, at 62 (holding that although there is disagreement regarding the delivery date, a contract is established when both parties partially perform, as when the goods are shipped and received and the price is partially paid). Thus, under R.C. 1302.10(C), the terms of the contract consisted of the terms agreed upon by the parties together with the "reasonable time" for delivery as supplied by R.C. 1302.22(A). Id. at 63. Under the stated terms of the contract, Newcome accordingly was obligated to purchase the quantities of cable expressly stated in the purchase order TLG accepted by beginning its performance on the contract.
Newcome finally claims the trial court erred in finding it did not properly reject nonconforming goods. Pursuant to R.C. 1302.60, a buyer may reject non-conforming goods, in whole or in part, "if the goods or the tender of delivery fail in any respect to conform to the contract." However, as the court noted in Alliance Wall:
 The buyer must reject goods "within a reasonable time after their delivery or tender." R.C. 1302.61(A). If the buyer does not reject the goods in a timely fashion, it is considered to have accepted them. R.C. 1302.64(A)(2). The period of time in which the buyer must act is measured by the buyer's right to a reasonable opportunity to inspect the goods. R.C. 1302.64. Id. at 63. (Footnotes omitted.)
In addition, "[t]he buyer's failure to state in connection with rejection a particular defect which is ascertainable by reasonable inspection precludes him from relying on the unstated defect to justify rejection or to establish breach[.]" R.C. 1302.63(A). "The burden is on the buyer to establish any breach with respect to the goods accepted." R.C. 1302.65(D).
Here, based on the record before the trial court, the first time Newcome alleged nonconformance of goods was in an affidavit attached to its April 10, 2001 memorandum contra TLG's motion for summary disposition. Specifically, Newcome's chief operating officer avers in the affidavit:
 Newcome Corp. paid for certain items which were received pursuant to [purchase order number 38882]. Materials received by Newcome Corp. from TLG pursuant to this purchase order were subsequently rejected as being defective and/or not in conformance with certain quality standards required of TLG. (Affidavit of James Fisher, paragraph 7.)
As the trial court correctly noted, the record contains no evidence that Newcome, as the buyer, notified TLG, the seller, of any defect in the cable, let alone a "particular defect." (See Decision Granting Summary Judgment, 6.) Moreover, Newcome's averment it had received allegedly nonconforming goods was made almost two years after Newcome last accepted shipment of goods from TLG. As a matter of law, Newcome's attempt to reject the goods as nonconforming was ineffective due to lack of timeliness and lack of specificity. R.C. 1302.61(A), 1302.63(A). See Alliance Wall, supra, at 63 (holding buyer's notice to seller of alleged defects twenty-five days after delivery was untimely). Accordingly, Newcome is deemed to have accepted the goods where it failed to make an effective rejection. R.C. 1302.64.
Viewing the evidence in a light most favorable to Newcome, the trial court did not err in granting summary judgment to TLG on its action on account. Newcome's single assignment of error is overruled and judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and PAINTER, JJ., concur.
PAINTER, J., of the First Appellate District, assigned under authority of Section 6(C), Article IV, Ohio Constitution.