OGG, Appellant,

v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, et al., Appellees.

Ogg, Appellee,

v.

National Union Fire Insurance Company of Pittsburgh, PA, et
al., Appellees; Nationwide Insurance Company, Appellant.

Ogg, Appellee,

v.

National Union Fire Insurance Company of Pittsburgh, PA, et al., Appellees;
State Farm Mutual Automobile Insurance Company, Appellant.

[Cite as *Ogg v. Natl. Union Fire Ins. Co. of Pittsburgh,
PA,* 151 Ohio App.3d 316, 2002-Ohio-6970.]

Court of Appeals of Ohio, Tenth District, Franklin County.

Nos. 02AP–105, 02AP–114 and 02AP–122.

Decided Dec. 17, 2002.

Mitchell, Allen, Catalano & Boda Co., L.P.A., Richard A. Cline and William C. Mann, for Doris Ogg.

Janik & Dorman, L.L.P., Steven G. Janik and Matthew J. Grimm, for National Union Fire Insurance Company of Pittsburgh, PA.

Gary L. Grubler and John C. Cahill, for Nationwide Insurance Company.

Gallagher, Gams, Pryor, Tallon & Littrell, L.L.P., Andrew J. Kielkopf and James Gallagher, for State Farm Mutual Automobile Insurance Company.

LAZARUS, Judge.

{¶ 1} On May 9, 1999, plaintiff-appellant, Doris Ogg, and her daughter, Mary Wells, flew to Florida for a vacation. At approximately 9:00 p.m. that evening, Ogg was a passenger in a rental car driven by Wells on Florida State Route 80. A truck drove across the center line of Route 80 and struck their car nearly head-on. As a result of this collision, Wells and Ogg were seriously injured.

{¶ 2} The driver of the truck, Robert Meyrick, was insured with Progressive Insurance Company but carried only personal injury protection and property damage coverage. Meyrick had no liability coverage and was subsequently dismissed from the action. Wells carried an automobile insurance policy with defendant-appellant, Nationwide Insurance Company ("Nationwide"), with a $500,000 single limit for uninsured motorist ("UM") coverage. Ogg had a UM policy with defendant-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), and that policy had a limit of $50,000. At the time of the accident, Ogg lived with her son, Phillip Ogg, who was employed by Unisys. Defendant-appellant, American Home Assurance Corporation ("American Home"),[1] insured Unisys and carried an umbrella policy with a policy limit of liability set at $2,000,000. Unisys rejected UM coverage in the state of Ohio, but not until after the date of the accident, and, accordingly, American Home acknowledged that UM coverage was imposed upon its policy by operation of law.

{¶ 3} Ogg filed a complaint for personal injuries on February 24, 2000, which included claims against Nationwide and State Farm under the uninsured motorist provisions of the insurance policies of Ogg and Wells.

{¶ 4} After the Ohio Supreme Court issued its opinion in *Linko v. Indemn. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445, 739 N.E.2d 338, Ogg, Nationwide, and State Farm sought to add American Home as a party defendant. The trial court denied the motions but issued a pretrial order on March 28, 2001,

---

1. American Home was misidentified in the complaint as National Union Fire Insurance Company of Pittsburgh.

permitting Ogg to resolve her claims against State Farm and Nationwide, while preserving the rights of the parties to later join other insurers to the lawsuit.

{¶ 5}   After the trial court issued its pretrial order, Nationwide settled Wells's UM claims for $100,000 and paid Ogg $404,000 in settlement of her UM claim. Ogg assigned all of her rights against other potential sources of UM coverage to Nationwide through a covenant not to sue.   Additionally, State Farm paid Ogg $45,454.55 in settlement of her UM claim against State Farm, and, thus, the relevant policy limits of each insurance carrier were exhausted.

{¶ 6}   The parties then initiated legal proceedings against American Home. Nationwide, State Farm, and Ogg filed motions for summary judgment claiming that they were entitled to reimbursement or proceeds from the American Home policy.   American Home filed a motion for summary judgment requesting a declaration that the American Home policy did not provide coverage and requesting dismissal of all claims pending against American Home.

{¶ 7}   On January 2, 2002, the trial court issued its decision granting American Home's motion for summary judgment and denying the motions for summary judgment filed by the other parties.   The trial court reasoned that the American Home policy contained a provision broadening coverage for certain named individuals, and, therefore, distinguished the corporate entity from the employees so as to take the case out of the purview of *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

{¶ 8}   Ogg, Nationwide, and State Farm filed separate notices of appeal on different dates and, accordingly, each appeal was assigned a different case number.   This court ordered the appeals consolidated on February 6, 2002.

{¶ 9}   Nationwide assigns the following as error:

{¶ 10}   "1. The trial court erred in granting American Home Assurance Company's motion for summary judgment.

{¶ 11}   "2. The trial court erred in finding no UM coverage under American Home Assurance Company's policy.

{¶ 12}   "3. The trial court erred in denying Nationwide Insurance's motion for summary judgment.

{¶ 13}   "4. The trial court erred in dismissing Nationwide Insurance's request for reimbursement.

{¶ 14}   "5. The trial court erred in finding Nationwide's auto policy should be stacked on top of the State Farm policy.

{¶ 15}   "6. The trial court erred in finding Nationwide's auto policy should be stacked on top of the American Home Assurance Company's policy.

{¶ 16} "7. The trial court erred in finding Nationwide provided UM coverage to Doris Ogg for the May 11, 1999 automobile accident."

{¶ 17} Ogg assigns the following as error:

{¶ 18} "The court below erred when it found that American Home Assurance Company's policy of insurance did not provide coverage to Mrs. Ogg."

{¶ 19} State Farm assigns the following as error:

{¶ 20} "The trial court erred in denying State Farm Mutual Automobile Insurance Company's motion for summary judgment filed September 10, 2001."

{¶ 21} In reviewing the trial court's ruling on summary judgment, we conduct an independent review of the record and stand in the shoes of the trial court. *Motorists Mut. Ins. Co. v. Natl. Dairy Herd Improvement Assn., Inc.* (2001), 141 Ohio App.3d 269, 275, 750 N.E.2d 1169. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 22} First and foremost, we must consider whether Ogg, as the family member of an employee of a corporate named insured, is entitled to UM coverage under the American Home policy. As discussed above, Unisys rejected UM coverage in the state of Ohio but did not sign the rejection form until June 2, 1999, approximately three weeks after the accident. Therefore, American Home acknowledged that UM coverage is imposed upon the policy by operation of law. R.C. 3937.18; *Gyori v. Johnston Coca–Cola Bottling Group, Inc.* (1996), 76 Ohio St.3d 565, 669 N.E.2d 824.

{¶ 23} Also, at the time of the accident, Ogg's son was employed by Unisys, which was insured by American Home. Ogg and Nationwide claim that Ogg was an insured under the American Home policy pursuant to *Scott–Pontzer* and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142 (*"Ezawa I"*).

{¶ 24} In *Scott–Pontzer*, the decedent was killed by the negligence of another driver while operating a vehicle owned by his wife. Id. at 660–661, 710 N.E.2d 1116. Pontzer was employed by Superior Dairy, though he was not acting within the course and scope of his employment at the time of his death. Superior Dairy maintained a commercial auto policy and an excess/umbrella policy. Id. at 661, 710 N.E.2d 1116. The commercial policy's declarations page listed only the corporation as the named insured. The definition of insured for the purposes of uninsured/underinsured motorist ("UIM") coverage defined an insured as being

"[y]ou," and "[i]f you are an individual, any family member." Reviewing the policy language, the Supreme Court of Ohio concluded that the policy could be interpreted to include company employees. Id. at 664, 710 N.E.2d 1116. The court reasoned that because a corporation can only act through live persons, it would be "nonsensical" to limit coverage to the corporate entity. Id.

{¶ 25} The umbrella policy was not written to provide UIM coverage and, consequently, did not contain a definition of insured for the purposes of UIM coverage. The Ohio Supreme Court found UIM coverage to apply by operation of law and, without further explanation, also found that Pontzer, as an employee of Superior Dairy, was also an insured under the umbrella policy.

{¶ 26} In Ezawa I, the Ohio Supreme Court extended the rule of Scott–Pontzer to provide coverage for an employee's minor son where the UIM coverage provided in the policy contained the same "you" and "family member" language. See Ezawa v. Yasuda Fire & Marine Ins. Co. of Am. (June 30, 1998), Franklin App. No. 97APE10–1343, 1998 WL 353871, reversed (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142. Although the majority of the Ohio Supreme Court did not explain its reasoning other than to cite Scott–Pontzer, it is reasonable to assume that the court determined that because employees are insureds under the policy, the employees' family members are also insureds because of the "family member" language contained in the policy definition of insureds.

{¶ 27} Here, unlike the policy language contained in Scott–Pontzer and Ezawa I, the definition of an "insured" in the American Home policy does not contain language referencing "any family member," except in a Pennsylvania uninsured motorist endorsement. Thus, while Ogg's son would qualify as an insured pursuant to Scott–Pontzer, Ogg herself does not. We decline to extend the rationale of Scott–Pontzer and Ezawa I to provide UM coverage by operation of law to family members of employees of Unisys under the American Home policy where the American Home policy does not include family members within the definition of an insured.

{¶ 28} Because Ogg is not an insured under the American Home policy, the remaining assignments of error are moot. Although our disposition of this question is for a reason different from that espoused by the trial court, the result is the same. Accordingly, the trial court did not err in granting American Home's motion for summary judgment and denying the motions for summary judgment of the remaining appellants.

{¶ 29} Based on the foregoing, appellants' assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BROWN and KLATT, JJ., concur.