OPINION
{¶ 1} Defendant-appellant, Wausau Business Insurance Company ("Wausau"), appeals from a final judgment of the Franklin County Court of Common Pleas awarding plaintiffs-appellees, Kathleen Griffith and James Griffith, (1) $636,046.13 on their claims for underinsured motorist ("UIM") coverage under an insurance policy Wausau issued, and (2) prejudgment interest from the date plaintiff Kathleen Griffith (individually, "plaintiff") was injured in a motor vehicle accident that gave rise to plaintiffs' UIM claims.
 {¶ 2} On September 14, 1999, plaintiff was driving an automobile her husband James Griffith owned, when a vehicle Donald Riley was driving struck the Griffith vehicle head on, causing serious personal injury to plaintiff. Riley, at fault in the accident, was insured under an automobile liability insurance policy with State Farm Mutual Automobile Insurance Company ("State Farm"). State Farm offered its liability limits of $100,000 in exchange for settlement of plaintiffs' claims against Riley and a waiver of plaintiffs' insurers' subrogation claims against Riley.
 {¶ 3} At the time of the accident, plaintiff was employed as a teacher with the Granville Exempted Village School District ("Granville"), but was not acting within the course and scope of her employment. Wausau insured Granville under a business automobile insurance policy that provided uninsured/UIM motorist coverage in the amount of $1,000,000 per accident. Plaintiff submitted claims for UIM coverage under the Wausau policy, but Wausau denied plaintiff had coverage. On May 18, 2000, plaintiffs filed a complaint for declaratory judgment, asserting that by virtue of Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, plaintiff, as an employee of Granville, and James Griffith, as her spouse who had suffered a loss of consortium, were entitled to UIM coverage under Granville's insurance policy with Wausau.
 {¶ 4} On September 27, 2001, following the parties' motion and cross-motion for summary judgment on the issue of coverage, the trial court concluded plaintiffs are entitled, pursuant to Scott-Pontzer, to UIM coverage under the Wausau business automobile policy issued to Granville, subject to actual damages. More particularly, the trial court noted the policy language defining an "insured" in the Wausau policy is identical to the policy language in Scott-Pontzer. Accordingly, the trial court applied the rationale of Scott-Pontzer and determined that, although the named insured of the Wausau policy is Granville, plaintiff, as an employee of Granville, is an "insured" for purposes of UIM coverage, even though she was not acting in the course and scope of her employment with Granville at the time of the accident. The trial court additionally determined James Griffith, as plaintiff's spouse, also is an insured for purposes of the policy's UIM coverage, pursuant to Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557. The court rejected Wausau's contention that Granville was not authorized to purchase UIM coverage for employees who were engaged in personal business.
 {¶ 5} Following a jury trial on the issue of damages, the jury returned verdicts in favor of plaintiff in the amount of $731,446.13 and James Griffith in the amount of $6,600. On April 19, 2002, the trial court entered judgment against Wausau for $638,046.13, reflecting the combined jury award to plaintiffs, reduced by a setoff of $100,000 plaintiffs had received as settlement of their claims against Riley. On June 7, 2002, the trial court entered final judgment against Wausau, incorporating the previous judgment and awarding plaintiffs prejudgment interest calculated as of the date of the automobile accident on September 14, 1999.
 {¶ 6} Wausau appeals, assigning the following errors:
 {¶ 7} "1. The trial court erred to the prejudice of Defendant-Appellant Wausau Business Insurance Company in denying its motion for summary judgment and in granting Plaintiffs-Appellees' motion for summary judgment.
 {¶ 8} "2. The trial court erred to the prejudice of Defendant-Appellant Wausau Business Insurance Company in granting Plaintiffs prejudgment interest on the jury's verdict from the date of the accident."
 {¶ 9} In its first assignment of error, Wausau asserts the trial court erred in determining, by way of summary judgment, that plaintiffs were entitled to UIM coverage under Wausau's business automobile policy issued to Granville, plaintiff's employer.
 {¶ 10} Appellate review of summary judgments is de novo, under which the appellate court stands in the shoes of the trial court and conducts an independent review of the record. Advanced Analytics Laboratories v. Kegler, Brown, Hill Ritter, 148 Ohio App.3d 440,2002-Ohio-3328, at ¶ 33. Summary judgment is proper only where the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 11} Wausau acknowledges the policy language at issue in Scott-Pontzer and Ezawa is the same language used in Wausau's policy with Granville. However, Wausau asserts the policies in Scott-Pontzer and Ezawa are factually distinguishable from the policy at issue in this case: the policies in Scott-Pontzer and Ezawa were issued to private corporations, while the Wausau policy was issued to a public school district. Wausau asserts that, unlike a private corporation, a board of education has limited authority to enter into any contractual agreement, including the purchase of insurance. Wausau points to R.C. 3313.201 and3327.09, contending a school district's authority to purchase UIM coverage is strictly limited to the authority expressly granted in those statutes. Wausau further contends that although a school district is permitted to insure an employee, R.C. 2744.01(B) defines an "employee" of a political subdivision, such as a board of education for a school district, as an employee acting within the scope of employment. Wausau maintains that since plaintiff was not acting within the scope of her employment at the time of the accident, she was not an "employee" of Granville and thus neither she nor her husband are insureds under Granville's policy with Wausau.
 {¶ 12} In Scott-Pontzer, plaintiff's decedent, who was not in the course of his employment, died as a result of an automobile accident that occurred while he was driving his spouse's automobile. The Supreme Court addressed whether the decedent was an insured under his employer's commercial automobile liability insurance policy, which contained a provision for UIM coverage. The declarations page of the policy named the employer corporation as the named insured. Construing language in the policy that defines an "insured" for purposes of UIM coverage, which is identical to that used in the Wausau policy, the Supreme Court held that employees of the corporation were "insureds" under the policy for purposes of UIM coverage. The Supreme Court further held the employees were entitled to UIM coverage under the policy regardless of whether the employees were acting within the scope of their employment. In Ezawa, the Supreme Court extended Scott-Pontzer to cover family members of employees.
 {¶ 13} In Roberts v. Wausau Business Ins. Co., 149 Ohio App.3d 612,2002-Ohio-4734, this court recently decided whether Scott-Pontzer applies to an employee of a school district that is the named insured on a business automobile insurance policy that provides UIM coverage and uses policy language identical to the language of the Scott-Pontzer policy. Roberts rejected Wausau's attempt to distinguish Scott-Pontzer on the basis that the policy in Scott-Pontzer was issued to a for-profit corporation, whereas the policy in Roberts was issued to a board of education for a school district.
 {¶ 14} Regarding Wausau's contention, presented again in this appeal, that statutory provisions, including R.C. 3313.201 and 3327.09, limit a board of education's authority to purchase UIM coverage to only those employees who are acting within the course and scope of their employment with the school district, this court concluded as follows:
 {¶ 15} "[T]here is nothing in these statutory provisions that precludes a board of education from purchasing and/or extending UIM coverage to its employees under the circumstances presented here. Indeed, as appellees point out, the Revised Code specifically authorizes political subdivisions and/or boards of education to purchase UIM coverage for its employees, and there is nothing limiting that coverage to only those employees who are within the scope and course of employment." Roberts at ¶ 61.
 {¶ 16} Roberts also found unpersuasive Wausau's argument, raised again here, that the plaintiff, a teacher for a public school district, was not an "employee" as defined in R.C. 2744.01(B), and thus not insured under the policy as an employee, because she was not within the course and scope of her employment with the school district at the time of her accident. Observing that R.C. 2744.01 defines and limits the use of the term "employee" to the Revised Code Chapter concerning political subdivision tort liability, this court concluded the statutory definition did not affect the plaintiff's status as an insured for UIM purposes. Id. at ¶ 62.
 {¶ 17} Wausau urges this court not to follow Roberts and to hold that the rationale of Scott-Pontzer does not extend to business automobile policies of insurance issued to school district boards of education. Consistent with Roberts, however, the analysis of the Supreme Court in Scott-Pontzer, and the extension of Scott-Pontzer in Ezawa, apply to the Wausau policy issued to Granville. Roberts is in accord with other Ohio state courts of appeals that have addressed this issue and have similarly, and unanimously, concluded the analysis of Scott-Pontzer applies to commercial automobile policies of insurance issued to school district boards of education. See Mizen v. Utica Natl. Ins. Group (2002), 147 Ohio App.3d 274, appeal not allowed, 95 Ohio St.3d 1438; Allen v. Johnson, Wayne App. No. 01CA0046, 2002-Ohio-3404, discretionary cross-appeal allowed, 96 Ohio St.3d 1522, 2002-Ohio-5099, discretionary appeal allowed, 97 Ohio St.3d 1460, 2002-Ohio-6248; Nationwide Agribusiness Ins. Co. v. Wagner, Summit App. No. 21013, 2002-Ohio-6119. But, see, Nationwide Agribusiness Ins. Co. v. Roshong (C.A.6, 2002), No. 01-4009 (holding in an unreported federal decision the contrary conclusion). The trial court did not err in granting plaintiffs' motion for summary judgment on the issue of UIM coverage, and Wausau's first assignment of error is accordingly overruled.
 {¶ 18} In its second assignment of error, Wausau asserts the trial court erred in calculating prejudgment interest on the underlying judgment from the date of the automobile accident, September 14, 1999.
 {¶ 19} In First Bank of Marietta v. L.C. Ltd. (Dec. 28, 1999), Franklin App. No. 99AP-304, this court explained:
 {¶ 20} "Prejudgment interest `acts as compensation and serves ultimately to make the aggrieved party whole.' Royal Electric Constr. Corp. v. Ohio State University (1995), 73 Ohio St.3d 110, 117,652 N.E.2d 687. Prejudgment interest is to compensate the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court. Id. at paragraph one of the syllabus."
 {¶ 21} UIM claims are contract claims subject to prejudgment interest under R.C. 1343.03(A) because the benefits are due and payable based on an instrument of writing, an insurance contract. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 341. Whether UIM benefits were denied in good faith is irrelevant because an award of prejudgment interest under R.C. 1343.03(A) is not predicated on lack of a good-faith effort to settle, as is an award of prejudgment interest under R.C.1343.03(C). Id. The trial court has discretion under R.C. 1343.01(A) to determine whether prejudgment interest should be calculated from the date of the automobile accident, the date coverage was demanded or denied, or some other time the insurance company should have made payment. Landis at 342; Roberts at 625.
 {¶ 22} Wausau does not dispute that if plaintiffs are entitled to UIM benefits under Granville's insurance policy, they are entitled to prejudgment interest pursuant to R.C. 1343.03(A). Rather, Wausau contends the trial court should have calculated prejudgment interest from the date Wausau's obligation to pay UIM benefits became due and payable under the terms of its contract with Granville. Because the insurance policy provides that exhaustion of the tortfeasor's coverage is a precondition to Wausau's payment of damages to its insured, Wausau asserts the date from which the trial court should have calculated prejudgment interest is the date plaintiffs exhausted their tortfeasor's insurance coverage: when Riley's insurer paid plaintiffs its $100,000 liability limit, apparently around August 6, 2001. Wausau contends the trial court abused its discretion in failing to consider the Granville policy language when it calculated the prejudgment interest in this case.
 {¶ 23} The trial court concluded the date State Farm, Riley's liability insurance company, paid plaintiffs has no relevance in this case. The trial court noted plaintiffs had an offer from the tortfeasor to pay his limits long before they were actually paid, but Wausau refused to give plaintiffs the consent they needed to release the tortfeasor and to accept the tortfeasor's money. Without Wausau's consent, plaintiffs' accepting the money exposed them to a claim that they failed to protect Wausau's subrogation interests. The court concluded it would unfairly prejudice plaintiffs to allow Wausau to avoid paying prejudgment interest while plaintiffs protected Wausau's subrogation rights. In order to fully compensate plaintiffs, the trial court awarded prejudgment interest from September 14, 1999, the date plaintiffs began to accrue damages from the accident.
 {¶ 24} The court in Landis has vested the trial court with a wide degree of discretion in selecting the time from which prejudgment interest will accrue, specifically deeming the date of the accident to be a permissible time for the accrual of interest to begin. Id. at 342. See Roberts (concluding prejudgment interest appropriately accrued from the date of the accident where the insurer asserted a later date was proper, but the insurer would have denied the plaintiffs' claim for UIM coverage even if the claim had been made at that later time).
 {¶ 25} Here, we cannot say the trial court's decision to award prejudgment interest from the date of the accident is an abuse of discretion. The Supreme Court in Landis was concerned with the injustice that occurs when an insurer improperly denies benefits to which its insured is entitled. Landis at 341-342. Similarly, the trial court here was concerned with unfair prejudice to plaintiffs if Wausau was "rewarded" by not having to pay prejudgment interest for the period of time it refused to give its consent to release of the tortfeasor's payment, even though plaintiffs protected Wausau's subrogation rights during that time period.
 {¶ 26} Accordingly, the trial court's decision to award prejudgment interest from the date of the accident was not an abuse of discretion. Wausau's second assignment of error is accordingly overruled.
 {¶ 27} Having overruled Wausau's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.