[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 181.]

THE STATE EX REL. GRADY, APPELLANT, *v*. STATE EMPLOYMENT RELATIONS BOARD, APPELLEE.

[Cite as *State ex rel. Grady v. State Emp. Relations Bd.*, 1997-Ohio-221.]

*Mandamus to compel State Employment Relations Board either to find that relator's unfair labor practice charge was timely filed and proceed with a hearing or consider the facts concerning the timeliness question and issue an explanation setting forth its rationale—Writ denied, when.*

(No. 96-1328—Submitted February 18, 1997—Decided April 16, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD11-1445.

———————————

{¶ 1} In 1994, the city of Cleveland employed appellant, Norman Grady, as a waste collection foreman. In April 1994, the city suspended Grady pending dismissal for fighting with a subordinate co-worker.

{¶ 2} The collective bargaining agreement between the city and Grady's collective bargaining representative, Laborers' International Union of North America Local 1099 ("local union"), provided a four-step grievance procedure, which constituted the "sole and exclusive method for the resolution of grievances" under the agreement. Grady filed a grievance through the local union protesting the city's suspension of him pending dismissal. The city denied Grady's grievance through the first three steps of the grievance procedure.

{¶ 3} By letter dated January 27, 1995, the local union advised Grady that it would not advance his grievance to arbitration, which is the final step of the collectively bargained grievance procedure, because it had concluded that his grievance lacked merit. According to Grady, he did not receive the local union's letter until February 27, 1995. In a letter dated March 6, 1995, the city notified Grady of his dismissal from employment:

"Please be advised that you are hereby dismissed from your position as a Waste Collection Foreman for the Division of Waste Collection and Disposal for violating rule 9.10 of the rules of Civil Service. Mr. Grady your union (local 1099) will not advance your grievance dated April 14, 1994 to arbitration.

"Specifically, Mr. Grady, you have exhausted your rights to appeal through all City of Cleveland processes[;] therefore, your termination from the position of Waste Collection foreman, for the City of Cleveland, Department of Public Service, Division of Waste Collection and Disposal is effective April 14, 1994."

{¶ 4} In April 1995, Grady wrote to the president of Laborers' International Union of North America ("national union") seeking administrative relief from the local union's failure to submit his grievance to arbitration. In May 1995, the national union informed Grady that "collective bargaining matters, including matters related to contract administration, are handled through the Local Union, which by law serves as the exclusive collective bargaining agent."

{¶ 5} On June 23, 1995, Grady filed an unfair labor practice charge against the local union with appellee, the State Employment Relations Board ("SERB"). Grady claimed that the local union had breached its duty of fair representation. The local union moved to dismiss the charge on the basis that it had not been timely filed. After reviewing an investigative memorandum prepared by a SERB Labor Relations Specialist and the arguments of Grady and the local union, SERB dismissed the unfair labor practice charge. SERB determined that "[t]he events giving rise to the charge occurred more than ninety (90) days prior to the filing of the charge with the Board and there are no mitigating circumstances warranting equitable tolling of the statute of limitations."

{¶ 6} In November 1995, Grady filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel SERB either to find that Grady's unfair labor practice charge was timely filed and proceed with a hearing on the charge or consider the facts and circumstances concerning the timeliness

question and issue an explanation setting forth its rationale. The parties filed cross-motions for summary judgment. In May 1996, the court of appeals granted SERB's motion and denied the writ.

{¶ 7} The cause is now before this court upon an appeal as of right.

———————————

*Law Offices of Lester S. Potash* and *Lester S. Potash*, for appellant.

*Betty D. Montgomery*, Attorney General, *Daniel P. Jones* and *Joseph D. Rubino*, Assistant Attorneys General, for appellee.

———————————

***Per Curiam.***

### Standard of Review

{¶ 8} Grady asserts in his propositions of law that the court of appeals erred in granting SERB's summary judgment motion and denying the writ. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 9} R.C. 4117.12(B) governs the filing of unfair labor practice charges with SERB and provides:

"When anyone files a charge with the board alleging that an unfair labor practice has been committed, the board or its designated agent shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge. ***"

**{¶ 10}** A determination by SERB whether to issue a complaint in an unfair labor practice case is not reviewable by direct appeal. See *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME/AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus. Nevertheless, mandamus will issue to correct an abuse of discretion by SERB in dismissing unfair labor practice charges. *State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO v. State Emp. Relations Bd.* (1992), 64 Ohio St.3d 149, 151-152, 593 N.E.2d 288, 290-291. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136. In addition, courts must defer to SERB's interpretation of R.C. Chapter 4117. *State Emp. Relations Bd. v. Miami Univ.* (1994), 71 Ohio St.3d 351, 353, 643 N.E.2d 1113, 1115.

**{¶ 11}** Consequently, in order to be entitled to the requested writ of mandamus compelling SERB to issue a complaint and hold a hearing on the unfair labor practice charge, Grady must establish that SERB abused its discretion by dismissing the unfair labor practice charge.

*Timeliness; Equitable Tolling*

**{¶ 12}** SERB dismissed Grady's unfair labor practice charge because the events giving rise to the charge occurred more than ninety days before Grady filed the charge with SERB and no mitigating circumstances warranted equitable tolling of the statute of limitations. R.C. 4117.12(B) provides that "[t]he board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board ***." By enacting a ninety-day statute of limitations, the General Assembly intended employees to seek redress for unfair labor practices promptly. *State Emp. Relations Bd. v. Ohio State Univ.* (1987), 36 Ohio App.3d 1, 3, 520 N.E.2d 597, 599. The ninety-day time period does not commence until the charging party knew or should have known of the conduct which constituted the improper conduct and actual damage ensued.

*Fraternal Order of Police, Ohio Labor Council, Inc. v. Hubbard Twp. Trustees* (1990), 68 Ohio App.3d 843, 847, 589 N.E.2d 1386, 1389.

{¶ 13} In his first proposition of law, Grady asserts that SERB abused its discretion in dismissing his unfair labor practice charge as untimely. Grady contends that actual damage from the local union's decision not to pursue his grievance to arbitration did not occur until after he had exhausted his attempt to secure relief from the national union in May 1995.

{¶ 14} Grady's contention is meritless. Grady knew of the events underlying his unfair labor practice charge by February 27, 1995, when he admits he received the local union's letter notifying him that it would not advance his grievance to arbitration. Any damage to Grady would have occurred by March 6, 1995, the date the city notified Grady of his termination from employment and the exhaustion of the collectively bargained grievance procedure due to his local union's refusal to submit his grievance to arbitration. The national union could not have submitted a timely request for arbitration because the national union was not a party to the collective bargaining agreement. Because the March 6, 1995 date was more than ninety days before Grady filed his unfair labor practice charge with SERB, SERB did not abuse its discretion in dismissing the charge as untimely.

{¶ 15} Grady next asserts in his second proposition of law that SERB abused its discretion by failing to consider and provide reasons for rejecting his argument that the ninety-day period in R.C. 4117.12(B) was equitably tolled by his request for internal administrative remedies from the national union.

{¶ 16} R.C. 4117.12(B) does not require SERB to issue findings of fact to support its dismissal of an unfair labor practice charge prior to issuing a notice of hearing on the complaint. *State ex rel. Alben v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 133, 138, 666 N.E.2d 1119, 1124; cf. R.C. 4117.12(B)(3), requiring SERB to state findings of fact in any decision following the issuance of a complaint and evidentiary hearing on unfair labor practice charges. But the court will issue a

limited writ of mandamus to compel SERB to consider all facts and circumstances relevant to the question of timeliness and to issue an explanation where a genuine controversy exists. *Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO, supra*, 64 Ohio St.3d at 152-153, 593 N.E.2d at 292.

{¶ 17} Unlike *Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO*, the record here reflects that SERB considered the timeliness issue, including Grady's assertion of equitable tolling. The record further indicates no abuse of discretion by SERB in finding that the ninety-day period in R.C. 4117.12(B) was not equitably tolled by Grady's request for relief from the national union. The collective bargaining agreement between the city and the local union contained the exclusive grievance procedure, and the national union was not a party to that agreement. Grady introduced no evidence of any representation on the part of the city or the local union that he could obtain relief from the national union. Finally, as previously noted, by the time Grady requested relief from the national union, he had already been notified that he had exhausted his remedies under the collectively bargained grievance procedure. Accordingly, no genuine controversy as to equitable tolling or timeliness existed. *Alben, supra*, 76 Ohio St.3d at 138, 666 N.E.2d at 1124-1125; *State ex rel. Leigh v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 143, 145, 666 N.E.2d 1128, 1131.

{¶ 18} Those cases in which SERB has permitted equitable tolling of the R.C. 4117.12(B) ninety-day period for filing an unfair labor practice charge are inapposite. See, *e.g., In re Cent. State Univ.* (July 6, 1989), SERB No. 89-027, unreported (charge filed one hundred thirteen days after the dismissal of an employee may be deemed timely where employee was possibly misled by union or employer about his status as a bargaining unit member); cf. *Noble v. Chrysler Motors Corp., Jeep Div.* (C.A.6, 1994), 32 F.3d 997, 1001 ("In order to support an equitable tolling [of the six-month statute-of-limitations period for filing claims under Section 301 of the Labor-Management Relations Act], plaintiffs must prove

that the defendants [employer and union] fraudulently concealed the fact that their seniority dispute was no longer being pursued."). Since there existed no genuine controversy on the issue of timeliness, Grady was not entitled to a limited writ of mandamus pursuant to *Ohio Assn. of Pub. School Emp./AFSCME, AFL-CIO, supra*.

*Conclusion*

{¶ 19} When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of the pleading, but must respond by affidavit or as otherwise provided in Civ.R. 56, setting forth specific facts showing the existence of a genuine triable issue. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E). SERB supported its summary judgment motion with evidence establishing that it did not abuse its discretion in dismissing Grady's unfair labor practice as untimely. Grady failed to introduce sufficient Civ.R. 56 evidence setting forth specific facts to establish a genuine triable issue on whether SERB abused its discretion.

{¶ 20} Based on the foregoing, we find that the court of appeals did not err in granting SERB's motion and denying the writ of mandamus. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment only.

_____