[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 280.]

THE STATE EX REL. TRITT, APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD, APPELLANT.

[Cite as *State ex rel. Tritt v. State Emp. Relations Bd.*, 2002-Ohio-6437.]

*Employer and employee—Public employment—Unfair labor practices—Writ of mandamus granted by court of appeals compelling State Employment Relations Board to vacate its dismissal of relator's unfair labor practice charge against city of Columbus and to conduct further proceedings to determine whether there was probable cause to believe that an unfair labor practice had occurred—Court of appeals' judgment reversed, when.*

(No. 2002-0793—Submitted October 15, 2002—Decided December 11, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-751.

————————————

**Per Curiam.**

{¶1} In April 1988, the Department of Public Utilities, Division of Water of the city of Columbus, Ohio, hired appellee, Herschel Tritt, as a building maintenance worker. On December 13, 1998, he began probationary employment as a Building Inspector I with the city's Department of Trade and Development, Division of Building and Development Services. Effective November 12, 1999, the city terminated Tritt's probationary employment following an unfavorable written performance appraisal.

{¶2} Tritt, through his union, AFSCME, Ohio Council 8, Local 1632, filed a grievance concerning the termination pursuant to the collective bargaining agreement between the city and the union. In December 1999, a city hearing officer denied the grievance because Tritt's termination did not violate contractual rights. By letter dated April 26, 2000, the union notified Tritt that his grievance did not

have "sufficient merit to warrant an appeal to arbitration and discretionary mediation was not agreed to by the City." The union withdrew Tritt's grievance.

{¶3} On June 9, 2000, Tritt filed an unfair labor practice charge against Columbus with appellant, State Employment Relations Board ("SERB"). Tritt claimed that the city had violated R.C. 4117.11(A)(1) and (A)(3) by retaliating against him for exercising his protected rights and preventing him from exercising those rights. Tritt challenged the city's November 12, 1999 termination. On September 12, 2000, SERB dismissed Tritt's unfair labor practice charge as untimely filed. SERB determined that the "events giving rise to the charge occurred more than 90 days before the filing of the charge with the Board" and that "[n]o mitigating circumstances exist that warrant the equitable tolling of the statute of limitations." On December 4, 2000, SERB denied Tritt's motion for reconsideration of the dismissal of his unfair labor practice charge.

{¶4} Over six months later, on June 29, 2001, Tritt filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel SERB "to overturn the Board's decision dismissing Relator's charge; to complete an investigation of Relator's charge of unfair labor practices against the City, and/or to articulate its reasons in support of its determination that Relator's charge was untimely filed." On March 29, 2002, the court of appeals granted a writ of mandamus compelling SERB to vacate its dismissal of Tritt's charge and to conduct further proceedings to determine whether there was probable cause to believe that an unfair labor practice had occurred. The court of appeals held that SERB erred in determining that Tritt's unfair labor practice charge had not been timely filed.

{¶5} This cause is now before the court upon an appeal as of right by SERB. Columbus and the union filed amicus curiae briefs in support of SERB.

Mandamus:  Standard of Review

{¶6} SERB asserts that the court of appeals erred in granting the writ of mandamus.  A SERB determination whether to issue a complaint in an unfair labor practice case is not reviewable by direct appeal.  *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME/AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus.  Mandamus, however, is available to remedy an abuse of discretion by SERB in dismissing unfair labor practice charges. *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 173, 178, 689 N.E.2d 962; *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, at ¶35.

Timeliness

{¶7} SERB dismissed Tritt's unfair labor practice charge because the events giving rise to the charge occurred more than 90 days before he filed the charge with SERB and because no mitigating circumstances warranted equitable tolling of the statute of limitations.  Tritt does not challenge the board's determination that there were no grounds for equitable tolling.

{¶8} Under R.C. 4117.12(B), SERB "may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board."  This provision requires employees to seek prompt redress for unfair labor practices.  *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 184, 677 N.E.2d 343.  "The ninety-day time period does not commence until the charging party knew or should have known of the conduct which constituted the improper conduct and actual damage ensued."  Id., citing *Fraternal Order of Police, Ohio Labor Council, Inc. v. Hubbard Twp. Trustees* (1990), 68 Ohio App.3d 843, 847, 589 N.E.2d 1386.

{¶9} The court of appeals determined that the 90-day period for Tritt to file an unfair labor practice charge against the city did not begin until the union notified

him on April 26, 2000, that his grievance did not have sufficient merit to warrant an appeal to arbitration. As SERB, the city, and the union persuasively assert, the court of appeals erred in so holding.

{¶10} Tritt knew or should have known of the allegedly improper conduct of the city on November 12, 1999, the date of his termination. Exhaustion of the grievance procedure of the collective bargaining agreement was not a prerequisite for Tritt to incur actual damage. His damage occurred when his employment with the city was terminated. His then pending grievance did not stay his termination.

{¶11} The court of appeals relied on *Grady* and its view of public policy to reach a contrary conclusion. In *Grady*, however, the issue was whether actual damage from a local union's decision not to pursue an employee's grievance to arbitration occurred at the time of termination or whether it occurred only after the employee had exhausted his attempt to secure relief from a national union. *Grady*, 78 Ohio St.3d at 184, 677 N.E.2d 343. In holding that the employee's attempts to secure relief from the national union did not extend his time to file his unfair labor practice charge, we observed:

{¶12} "Grady's contention is meritless. Grady knew of the events underlying his unfair labor practice charge by February 27, 1995, when he admits he received the local union's letter notifying him that it would not advance his grievance to arbitration. Any damage to Grady would have occurred by March 6, 1995, the date the city notified Grady of his termination from employment and the exhaustion of the collectively bargained grievance procedure due to his local union's refusal to submit his grievance to arbitration. The national union could not have submitted a timely request for arbitration because the national union was not a party to the collective bargaining agreement. Because the March 6, 1995 date was more than ninety days before Grady filed his unfair labor practice charge with SERB, SERB did not abuse its discretion in dismissing the charge as untimely." *Grady*, 78 Ohio St.3d at 184, 677 N.E.2d 343.

4

**{¶13}** In *Grady*, we did not hold that damage from an unfair labor practice does not occur until the grievance procedure has been exhausted. Although Grady was not damaged until the grievance process ended, that was not because of any general exhaustion requirement. It was simply because the union's premature ending of the grievance process was itself the alleged unfair labor practice. We therefore focused on when Grady suffered actual damage from the conduct forming the basis for the unfair labor practice charge, which was the union's refusal to advance Grady's grievance. The damage ultimately ensuing from the union's conduct was Grady's termination from employment, which occurred several days later.

**{¶14}** By contrast, Tritt's unfair labor practice charge was against his employer, Columbus, for firing him rather than against his union for failing to advance his grievance further in the collective bargaining procedure. Thus, actual damage from the city's conduct occurred on the date of Tritt's termination, i.e., November 12, 1999. Consequently, *Grady* is inapposite.

**{¶15}** The court of appeals further relied on public policy in granting the writ of mandamus. The court of appeals stated that if it were to adopt SERB's interpretation that the 90-day period of R.C. 4117.12(B) began running from the date of termination of his employment, it would be unduly burdensome on SERB:

**{¶16}** "SERB's argument, if accepted, would routinely cause terminated employees to pursue both a grievance and an unfair labor practice charge simultaneously. Thus, employees who had been restored to employment and were satisfied with the remedy achieved through collective bargaining would be forced to file with SERB in order to protect their potential remedy through SERB. This would be an unnecessary burden on SERB."

**{¶17}** These policy considerations, however, are not evident in the language of the 90-day time period of R.C. 4117.12(B). Because the General Assembly is the final arbiter of public policy, judicial policy preferences may not be used to

override valid legislative enactments. *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, IAFF*, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, at ¶12. In fact, SERB itself asserts that these occasional cases would not unnecessarily burden it.

{¶18} Based on the foregoing, the court of appeals erred in granting the writ of mandamus. SERB did not act unreasonably, arbitrarily, or unconscionably in dismissing Tritt's unfair labor practice charge. Because Tritt did not file his unfair labor practice charge within 90 days after he was fired on November 12, 1999, it was untimely. Therefore, the court of appeals should have denied the writ. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Granger Co., L.P.A., and Mark S. Granger, for appellee.

Betty D. Montgomery, Attorney General, and Michael D. Allen, Assistant Attorney General, for appellant.

Janet E. Jackson, Columbus City Attorney, and Alan P. Varhus, Assistant City Attorney, urging reversal for amicus curiae city of Columbus.

Peter M. McLinden, Associate General Counsel, urging reversal for amicus curiae Ohio Council 8, AFSCME, AFL-CIO.

————————————