THE STATE EX REL. HAMILTON COUNTY BOARD OF COMMISSIONERS
*v.* STATE EMPLOYMENT RELATIONS BOARD.

[Cite as *State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp. Relations Bd.,* 102 Ohio St.3d 344, 2004-Ohio-3122.]

(No. 2003–1908—Submitted May 25, 2004—Decided July 7, 2004.)

**Per Curiam.**

{¶ 1} Respondent, State Employment Relations Board ("SERB"), certified International Union of Operating Engineers, Local No. 20 as the exclusive representative of certain employees of the Hamilton County Department of Facilities. The bargaining unit represented by the union includes employees working in positions classified as Facility Maintenance Worker 2 and HVAC (heating, ventilation, air conditioning) Technician.

{¶ 2} On August 14, 2002, Hamilton County and the union executed a collective bargaining agreement, which is effective through December 31, 2004. Article 14 of the agreement provides a higher pay rate for HVAC Technicians than for Facility Maintenance Worker 2 employees. Article 15 of the agreement provides that employees who are temporarily assigned to perform the duties of a higher-paying job classification "shall receive the pay level of the higher classification for all hours so assigned."

{¶ 3} The collective bargaining agreement also contains a four-step grievance procedure that culminates in final and binding arbitration. Section 6.1 of the agreement defines a grievance as "an allegation by a bargaining unit employee that there has been a breach, misinterpretation, or improper application of this Agreement." The agreement specifies that the grievance procedure is not intended "to be used to effect changes in the Articles of this Agreement, nor those matters not covered by this Agreement."

{¶ 4} In November 2002, Steven Hoegeman, a Facility Maintenance Worker 2 who is represented by the union, filed a grievance against Hamilton County. In the grievance, the union claimed that the county had violated Article 15 of the collective bargaining agreement by paying HVAC Technicians more than Facility Maintenance Worker 2 employees even when the employees performed the same duties. The union sought to reclassify Facility Maintenance Worker 2 employees as HVAC Technicians.

{¶ 5} On January 21, 2003, relator, Hamilton County Board of Commissioners, filed an unfair-labor-practice charge against the union with SERB. Relator alleged that the union had bargained in bad faith, in violation of R.C. 4117.11(B)(3), "[b]y attempting to achieve through the grievance/arbitration procedure that which it could not [achieve] through the collective bargaining process."

{¶ 6} SERB requested that both relator and the union provide it with information concerning the charge. Relator responded by stating that HVAC Techni-

cians are paid more than Facility Maintenance Worker 2 employees because the "work performed by the HVAC Technician requires a greater degree of skill." Relator claimed that because the union's grievance seeks to alter the bargained-for wages of the employees, SERB had probable cause to believe that an unfair labor practice had been committed.

{¶ 7} The union responded to SERB's request by specifying that it had a genuine issue of contract interpretation as to whether Article 15 of the agreement required relator to "pay employees the rate of a higher classification when employees are assigned to perform duties of a higher pay level classification":

{¶ 8} "It is the position of the union, that the employer, through its work order system, regularly assigns the work of the HVAC Technician to the Facility Maintenance Worker 2. Essentially, employees in the classification of HVAC Technician and Facility Maintenance Worker 2 are performing the same work on a daily basis at a substantially different rate of pay.

{¶ 9} "* * *

{¶ 10} "The union has a genuine question of contract interpretation which appropriately should be decided by an arbitrator. Does Article [15] of the collective bargaining agreement require the employer to pay employees the rate of a higher classification when employees are assigned to perform duties of a higher pay level classification? The parties have a contract provision which is in dispute. This issue is not a matter of bargaining, refusing to bargain or bargaining in bad faith. The parties did discuss this issue during our last negotiations and we were unable to reach an agreement. Failure to reach an agreement on the matter does not preclude the union from asserting its rights to protect contract provisions which are already in place."

{¶ 11} After the deadline that SERB had set for receiving information concerning the charge, relator filed an addendum to its initial statement. In this addendum, relator claimed that during negotiations of the collective bargaining agreement, the county and the union had agreed that certain duties distinguished the two classifications.

{¶ 12} A SERB labor-relations specialist investigated the unfair-labor-practice charge. The specialist concluded that the union's grievance was based on an issue of contract interpretation and did not constitute bad-faith bargaining. The specialist recommended that SERB dismiss the charge for lack of probable cause to believe that the union had committed an unfair labor practice.

{¶ 13} On April 24, 2003, SERB dismissed relator's unfair-labor-practice charge. SERB found that "[i]nformation gathered during the investigation reveals [that] the [union's] actio[n] of filing a grievance over contract interpretation is not bad faith bargaining."

{¶ 14} More than six months after SERB dismissed the charge, relator filed this action for a writ of mandamus to compel SERB to issue a complaint and conduct a hearing on relator's unfair-labor-practice charge. SERB filed an answer, and following an unsuccessful attempt by the parties to mediate their dispute, we granted an alternative writ. *State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp. Relations Bd.,* 101 Ohio St.3d 1465, 2004-Ohio-819, 804 N.E.2d 39. The parties filed evidence and briefs.

{¶ 15} This cause is now before the court on the merits.

{¶ 16} Relator asserts that it is entitled to the requested writ of mandamus. R.C. 4117.12(B) requires SERB to issue a complaint and conduct a hearing on an unfair-labor-practice charge if it has probable cause for believing that a violation occurred. These SERB determinations are not reviewable by direct appeal. *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME/AFL–CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus.

{¶ 17} Instead, "[a]n action in mandamus is the appropriate remedy to obtain judicial review of orders by the State Employment Relations Board dismissing unfair labor practice charges for lack of probable cause." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 173, 689 N.E.2d 962, syllabus. A writ of mandamus will issue to remedy an abuse of discretion by SERB in dismissing unfair-labor-practice charges. *State ex rel. Tritt v. State Emp. Relations Bd.,* 97 Ohio St.3d 280, 2002-Ohio-6437, 779 N.E.2d 226, ¶ 6. "An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 18} Relator claims that SERB abused its discretion in dismissing its unfair-labor-practice charge against the union. According to relator, there was probable cause for believing that an unfair labor practice had occurred. "SERB must issue a complaint and conduct a hearing on an unfair labor practice charge if, following an investigation, it has a reasonable ground to believe that an unfair labor practice has occurred." *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.,* 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 38 (interpreting R.C. 4117.12[B]).

{¶ 19} But we find that, based on its investigation, SERB was reasonable in concluding that there was no reasonable ground for believing that the union had committed an unfair labor practice. SERB properly credited the union's response that it had pursued the grievance to obtain a determination of whether the county had violated Article 15 of the collective bargaining agreement by paying Facility Maintenance Worker 2 employees less than HVAC Technicians even though they allegedly performed the same duties.

{¶ 20} Relator erroneously contends, "Had SERB conducted an actual 'investigation,' * * * it would have discovered that the Union never raised Article 15 of the [agreement] as an issue during any step of the grievance process." A review of the union's grievance establishes that it *expressly claimed* that the county had violated *Article 15* of the collective bargaining agreement.

{¶ 21} Relator further claims that the evidence established probable cause that an unfair labor practice had occurred. In making this claim, however, relator relies heavily on evidence that it filed in this court but failed to submit to SERB for its investigation. "It is axiomatic that SERB could not abuse its discretion based on evidence that was not properly before the board when it made its decision. Consequently, the review of a SERB decision is generally limited to the facts as they existed at the time SERB made its decision." *Portage Lakes Edn. Assn.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 55.

{¶ 22} Finally, relator relies on *In re AFSCME, Ohio Council 8 & Local 1768* (June 24, 1999), SERB No. 99–013, but that case does not support relator's claim of an abuse of discretion by SERB. In *AFSCME*, SERB found that a union had violated R.C. 4117.11(B)(3) by using a grievance process to attempt to change the wage schedule of a previously negotiated collective bargaining agreement. Unlike in *AFSCME*, there was evidence here of a collective bargaining agreement requiring payment of higher wages to employees in a lower-paying job classification who performed the work of employees in a higher-paying job classification. A dispute concerning whether these employees were entitled to higher pay under Article 15 of the agreement constituted a proper grievance. And "neither law nor policy supports a holding that a probable-cause determination in one case must result in a probable-cause determination in [another] case." *Portage Lakes Edn. Assn.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 52.

{¶ 23} Based on the foregoing, after considering the evidence that was before SERB, we find that it did not abuse its discretion in dismissing relator's unfair-labor-practice charge. Therefore, we deny the writ.

Writ denied.

Moyer, C.J., Resnick, F.E. Sweeney, Pfeifer, Lundberg Stratton, O'Connor and O'Donnell, JJ., concur.

---

Michael K. Allen, Hamilton County Prosecuting Attorney, Kathleen H. Bailey and Christian J. Schaefer, Assistant Prosecuting Attorneys, for relator.

Jim Petro, Attorney General, Michael D. Allen, Principal Assistant Attorney General, and Monica L. Rausch, Assistant Attorney General, for respondent.