THE STATE EX REL. STEWART, APPELLANT, *v.* STATE
EMPLOYMENT RELATIONS BOARD, APPELLEE.

[Cite as *State ex rel. Stewart v. State Emp. Relations Bd.,* 108 Ohio St.3d 203, 2006-Ohio-661.]

(No. 2005–1120—Submitted January 11, 2006—Decided March 1, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel a state board to issue complaints charging a public employer and a public-employee union with unfair labor practices.

{¶ 2} Appellant, William H. Stewart, was employed by the city of Dayton, Ohio, in the city's division of housing inspection. During his employment, Stewart was a member of the Dayton Public Service Union, Local 101, Ohio Council 8, AFSCME, AFL–CIO.

{¶ 3} On February 28, 2003, the city discharged Stewart from his employment with the city following a disciplinary hearing. Stewart then discussed with a union official the grievance and arbitration procedure specified in the collective-bargaining agreement between the city and the union. Following this discussion, Stewart notified the union that he had elected to appeal his dismissal through the grievance and arbitration procedure. See Section C, Article 25 of the collective-bargaining agreement ("Disciplinary action involving any * * * dismissal * * * may be appealed by the employee, either independently or through the Union, either to the Civil Service Board in accordance with the City Charter and Civil

Service Rules and Regulations, or through the grievance and arbitration procedure set forth in this Agreement * * * ").

{¶ 4} After exhausting the grievance procedure, Stewart demanded that the union and the city arbitrate his grievance. The city refused to arbitrate the grievance until the union sent notice of its intent to arbitrate on behalf of Stewart. The union noted that it would submit the grievance to arbitration only if its review of the matter determined that Stewart's grievance had merit. The union's position that it, not Stewart, had the final say in whether the grievance would be arbitrated was premised upon Article 24 of the collective-bargaining agreement, which specified at Step 4 of the grievance procedure that "[i]f the grievance is not settled, the Union may refer the grievance to the arbitration procedure" and that "[i]f not referred to the arbitration procedure within ten (10) work days after receipt of the answer rendered in this step, the grievance shall be considered settled." On August 7, 2003, the union notified Stewart that his grievance lacked "sufficient merit to proceed to arbitration."

{¶ 5} On September 10, 2003, Stewart filed unfair-labor-practice charges against the city and the union with appellee, State Employment Relations Board ("SERB"). Stewart primarily claimed that the city and union had colluded to deny him his right to arbitrate his discharge from employment with the city. Stewart also claimed that the city fired him in retaliation for his exercise of his lawful rights.

{¶ 6} A labor-relations specialist for SERB conducted an investigation of Stewart's charges and determined that no probable cause existed to support them. She recommended that SERB dismiss the charges. In December 2003, SERB dismissed the charges for lack of probable cause to believe that the city or union committed an unfair labor practice.

{¶ 7} In January 2004, Stewart filed a complaint in the Court of Appeals for Montgomery County. Stewart requested a writ of mandamus to compel SERB to (1) make a finding of probable cause, issue complaints on behalf of Stewart against Dayton and the union, and hold a hearing on the complaints, or (2) order Dayton to reinstate Stewart with full back pay, with the city and the union each paying half. SERB answered the complaint, and the parties moved for summary judgment. In Stewart's summary-judgment motions, he restricted his claims for relief to a writ of mandamus to compel SERB to find probable cause for his unfair-labor-practice charges, issue complaints, and hold hearings on the charges.

{¶ 8} On May 16, 2005, the court of appeals granted SERB's motion and denied the writ.

{¶ 9} This cause is now before the court upon Stewart's appeal as of right.

Mandamus: Dismissal of Unfair–Labor–Practice Charges

{¶ 10} Stewart asserts that he is entitled to the requested writ of mandamus. "R.C. 4117.12(B) requires SERB to issue a complaint and conduct a hearing on an unfair-labor-practice charge if it has probable cause for believing that a violation occurred." *State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp. Relations Bd.*, 102 Ohio St.3d 344, 2004-Ohio-3122, 810 N.E.2d 949, ¶ 16. Because these SERB determinations are not reviewable by direct appeal, mandamus is available to remedy an abuse of discretion by SERB in dismissing unfair-labor-practice charges. *State ex rel. Tritt v. State Emp. Relations Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, 779 N.E.2d 226, ¶ 6; see, also, *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 173, 178, 689 N.E.2d 962. "An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 11} Stewart claims that SERB abused its discretion in dismissing his unfair-labor-practice charges against the city and the union. "SERB must issue a complaint and conduct a hearing on an unfair labor practice charge if, following an investigation, it has reasonable ground to believe that an unfair labor practice has occurred." *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 38.

{¶ 12} Based on its investigation of Stewart's charges, SERB concluded that no probable cause existed to support the charges. SERB reasonably concluded so based on the following.

{¶ 13} First, neither the city nor the union had a duty to proceed to arbitration in the absence of the union's referral. The collective-bargaining agreement specified that if a discharged employee elected to appeal the dismissal through the agreement's grievance and arbitration procedure, the appeal would be introduced at Step 3 or Step 4 of the procedure. Under Steps 3 and 4 of the procedure, only the union is authorized to refer the grievance to the next step, which is arbitration. The employee lacks any independent right to compel the city and union to arbitrate his grievance.

{¶ 14} Second, Stewart failed to establish any due-process or equal-protection right to arbitration based upon the language of the collective-bargaining agreement.

{¶ 15} Third, evidence supported SERB's determination that the union did not misrepresent the right of arbitration to Stewart. SERB's investigation revealed that a union representative "informed Mr. Stewart during the processing of his grievance there was no guarantee that his grievance would proceed to arbitration" and that the union maintained that "it took all the necessary steps to preserve Mr. Stewart's grievances until it determined, in good faith, that his

grievance lac[k]ed merit to warrant arbitration." "Because mandamus proceedings are premised upon the relators' establishing an abuse of discretion by SERB in its probable-cause determination, courts should not substitute their judgment for that of the administrative agency, i.e., SERB." *Portage Lakes,* 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, at ¶ 41.

{¶ 16} Finally, regarding Stewart's claim that his dismissal resulted from the city's retaliation for his lawful exercise of his rights, SERB concluded otherwise. Based on its investigative findings, SERB determined that the city provided a "persuasive rebuttal to show that retaliation was not the motive behind its actions." See *Portage Lakes* at ¶ 40, quoting Drucker, Collective Bargaining in Ohio (1995) 670, Section 14.20(B) (" 'In making its [probable-cause] determination, SERB will consider not only the evidence that supports the allegations of the charge but also, of course, any information that may rebut the charge or offer a defense to the violation alleged. Issues such as managerial justification * * * or the failure to show any indication of unlawful motivation may be sufficient to secure dismissal of a case even when the facts alleged in the charge have been verified' ").

{¶ 17} Based on the foregoing, SERB did not abuse its discretion by dismissing Stewart's unfair-labor-practice charges. The rulings by SERB were not unreasonable, arbitrary, or unconscionable. Therefore, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

William H. Stewart, pro se.

Jim Petro, Attorney General, and Michael D. Allen, Principal Assistant Attorney General, for appellee.

---

1. We deny appellant's request for oral argument and motion to strike appellee's merit brief.