[Cite as *State ex rel. Hudak v. State Emp. Relations Bd.*, 2013-Ohio-2679.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO, EX REL. | : | Hon. W. Scott Gwin, P.J. |
| DOUGLAS HUDAK | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Appellant | : |  |
|  | : |  |
| -vs- | : | Case No. 2013CA00007 |
|  | : |  |
| STATE EMPLOYMENT RELATIONS | : |  |
| BOARD | : | O P I N I O N |
|  |  |  |
| Appellee |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                            Common Pleas, Case No.2012CV02425

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 25, 2013

APPEARANCES:

For Appellant                    For Appellee

DOUGLAS BOND                     MICHAEL DEWINE
700 Courtyard Centre             JENNIFER CLEARY
116 Cleveland Avenue N.W.        Labor Relations Section
Canton, OH 44702                 30 East Broad St., 16th Floor
                                 Columbus, OH  43215-3400

                                 LORI WEISMAN
                                 Labor Relations Section
                                 615 W. Superior Ave., 11th Floor
                                 Cleveland, OH  44113-1899

*Gwin, P.J.*

{¶1} Appellant appeals the December 6, 2012, judgment entry of the Stark County Common Pleas Court, granting appellee's motion for summary judgment, overruling appellant's motion for summary judgment, and entering judgment for appellee on the petition.

*Facts & Procedural History*

{¶2} Relator-Appellant Douglas Hudak was employed by Stark County Department of Job and Family Services ("SCDJFS"). In September of 2010, SCDJFS initiated disciplinary proceedings against appellant and charged him with sexual harassment and threatening management. At a pre-disciplinary conference in October of 2010, a hearing officer found claims sufficient to terminate appellant. SCDJFS terminated appellant on November 18, 2010.

{¶3} On December 2, 2010, appellant's union, the United Steelworkers Union, Local 9187 ("union") filed a grievance on appellant's behalf. An arbitration hearing was held on July 26, 2011. On September 19, 2011, the arbitrator determined appellant's termination was appropriate.

{¶4} On October 13, 2011, appellant sent an email to union representative Robert Andrews ("Andrews"), stating the following:

"[B]ob I dropped off this same question at your office but my lawyer needed an answer to this specific question which I believe I already know the answer is there any provision in the collective bargaining agreement that allows a further appeal in the court?"

**{¶5}** In response, Andrews sent the following email to appellant on October 14, 2011:

"Doug,

In accordance with the CBA (page 9 – next to last paragraph) "The decision of the Arbitrator shall be binding upon the parties."

Take care,

Bob."

**{¶6}** Appellant filed with appellee State Employment Relations Board ("SERB") an unfair labor practice charge against the union on March 20, 2012. He claimed the union violated its duty under O.R.C. § 4117.11(B)(6) when it failed to seek to vacate or modify the arbitrator's September 19, 2011 decision. More specifically, appellant asserted the failure of the union to file an appeal of the arbitrator's decision, in conjunction with the email from Andrews, showed that the union was acting in an arbitrary manner and in bad faith, deceiving him about the union's right to appeal. Alternatively, appellant argued the union acted with gross negligence in being unaware that the union had the right to appeal the arbitrator's decision.

**{¶7}** Judith Knapp ("Knapp"), a labor-relations specialist, investigated the matter for SERB and requested that appellant and the union provide responses to certain requests for information. Appellant detailed the conduct of the union he believed violated O.R.C. § 4117.11. The union denied it committed an unfair labor practice and stated appellant's charge lacked merit. After the parties submitted their responses to Knapp's requests for information, Knapp compiled a May 7, 2012, memorandum finding that,

"On October 14, 2011, Mr. Hudak knew or should have known that the Union would not be appealing his decision. Based on that date, the charge should have been filed on or before January 12, 2012, but was not filed until March 20, 2012. Mr. Hudak did not provide any information or documentation to toll the statute of limitations."

{¶8} Knapp recommended that SERB dismiss the charge with prejudice as being untimely filed. On June 1, 2012, SERB dismissed appellant's unfair labor practice charge with prejudice for lack of probable cause and as being untimely.

{¶9} Appellant then filed a complaint in the Stark County Court of Common Pleas on August 1, 2012, for a writ of mandamus to compel SERB to find his unfair labor practice charge was timely and that probable cause existed to support his unfair labor practice charge. SERB submitted to the trial court a certified copy of the records received and produced by SERB in relation to appellant's charge on October 24, 2012. On the same day, SERB submitted a notice of filing to supplement the record and indicated two documents were inadvertently omitted from the original filing: the initial request from Knapp to the union and the copy of Knapp's Investigator's Memorandum. A certified copy of these two documents was clocked by the Stark County Clerk of Courts on November 29, 2012. Appellant filed a notice of filing a supplement to the record on December 3, 2012, and attached a copy of the Investigator's Memorandum. The parties filed motions for summary judgment in November of 2012 and the trial court scheduled a non-oral hearing on the motions for summary judgment for December 4, 2012.

{¶10} In a December 6, 2012, judgment entry, the trial court concluded SERB did not abuse its discretion in dismissing appellant's unfair labor practices charge against the union, granted SERB's motion for summary judgment, denied appellant's motion for summary judgment, and entered judgment in favor of SERB on appellant's petition. Appellant appeals from the December 6, 2012 judgment entry of the Stark County Court of Common Pleas and assigns the following errors on appeal:

{¶11} "I. SUMMARY JUDGMENT IN SERB'S FAVOR WAS ERROR BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER SERB'S INVESTIGATOR SUPPLIED MATERIALLY AND FACTUALLY INCORRECT INFORMATION TO THE BOARD THAT DISMISSED APPELLANT'S UNFAIR LABOR PRACTICE CHARGE."

{¶12} "II. SUMMARY JUDGMENT IN SERB'S FAVOR WAS ERROR BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER APPELLANT'S UNION REPRESENTATIVE FAILED TO FAIRLY REPRESENT HIM BY FAILING TO PROVIDE APPELLANT WITH ACCURATE INFORMATION REGARDING THE ABILITY TO APPEAL AN ARBITRATOR'S DECISION.

{¶13} "III. SUMMARY JUDGMENT IN SERB'S FAVOR WAS ERROR BECAUSE THE TRIAL COURT EITHER LACKED JURISDICTION OR WAS NOT COMPETENT TO HEAR THE CASE AS SERB FAILED TO FILE A COMPLETE CERTIFIED RECORD IN ACCORDANCE WITH R.C. 4117.13(D) AND THE OMITTED PORTION OF THE RECORD WAS HIGHLY MATERIAL."

*Summary Judgment Standard of Review*

{¶14} Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶15} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶16} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶17} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I. & II.

{¶18} Appellant argues the trial court erred in granting summary judgment because genuine issues of material fact existed as to: whether SERB's investigator supplied materially and factually incorrect information to the board; whether Andrews' answer in the email exchange with appellant was factually incorrect and mislead appellant about his ability to challenge the arbitrator's decision; and whether Andrews failed to fairly represent appellant by failing to provide him with accurate information regarding the ability to appeal the arbitrator's decision. We disagree.

**{¶19}** It is well-established that mandamus is the remedy for challenging SERB's dismissal of an unfair labor practice charge for lack of probable cause. *State ex rel. Hall v. State Emp. Relations Bd.*, 122 Ohio St.3d 528, 2009-Ohio-3603, 912 N.E. 2d 1120 (2009). A writ of mandamus is available to correct an abuse of discretion by SERB in dismissing an unfair labor practice charge. *State ex rel. Stewart v. State Emp. Relations Bd.*, 108 Ohio St.3d 203, 2006-Ohio-661, 842 N.E.2d 505 (2006). "An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997).

**{¶20}** A relator is entitled to a writ of mandamus if the following conditions are satisfied: (1) the relator demonstrates a clear legal right to the relief prayed for; (2) the respondent is under a corresponding legal duty to perform the actions that make up the prayer for relief; and (3) the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle* 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983).

**{¶21}** The review of a SERB decision is limited to the facts as they existed at the time SERB made its decision, as shown by the SERB record. *State ex rel. Hall*, 122 Ohio St.3d at 538.

*Probable Cause*

**{¶22}** Appellant challenges SERB's conclusion that no probable cause existed to believe that the union violated its duty to fairly represent him. He contends the union did not take certain basic and required steps necessary for fair representation by failing to provide him with accurate information regarding his appeal rights and failing to appeal the arbitrator's decision. We must determine whether the trial court erred in holding that

SERB did not abuse its discretion when it dismissed appellant's unfair labor practice charge for lack of probable cause.

**{¶23}** An employee organization commits an unfair labor practice if it "[f]ail[s] to fairly represent all public employees in a bargaining until." R.C. § 4117.11(B)(6). "Whoever violates section 4117.11 of the Revised Code is guilty of an unfair labor practice remediable by the state employment relations board as specified in R.C. 4117.12." R.C. § 4117.12(A).

**{¶24}** R.C. § 4117.12(B) provides that "[w]hen anyone files a charge with [SERB] alleging that an unfair labor practice has been committed, the board or its designated agent shall investigate the charge. If [SERB] has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge."

**{¶25}** The term "probable cause" is not defined in the Ohio Revised Code. However, the Ohio Supreme Court has held that this probable cause determination is generally factual and courts cannot substitute their judgment for SERB's judgment if there is conflicting evidence. *State ex rel. Hall*, 122 Ohio St.3d at 532. SERB must consider evidence supporting the allegations of the charge and evidence rebutting the charge. *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853 (2002).

**{¶26}** To prove a violation pursuant to R.C. § 4117.11(B)(6), the charging party must establish the union's conduct was "arbitrary, discriminatory, or in bad faith," and that the union did not take a basic and required step in representing the complainant. *State ex rel. Hall*, 122 Ohio St.3d at 533. The Supreme Court of Ohio has held:

"If there are no apparent factors that show legitimate reason for a union's approach to an issue, the Board will not automatically assume arbitrariness. Rather, we will look to evidence of improper motive: bad faith or discriminatory intent.  An element of intent must be present; it may be evinced by discrimination based upon an irrelevant and invidious consideration, or it may be indicated by hostile action or malicious dishonesty i.e., bad faith.  In the absence of such intent, if there is no rational basis for the action, arbitrariness will be found only if the conduct is so egregious as to be beyond the bounds of honest mistake or misjudgment."

**{¶27}** *State ex rel. Hall*, 122 Ohio St.3d at 533, quoting *In re AFSCME, Local 2312*, SERB No. 89-029 at 3-203 to 3-204 (Oct. 16, 1989).

**{¶28}** Appellant first argues Knapp mischaracterized the email response from Andrews to appellant in her Investigator's Memorandum and thus SERB's board was not able to conduct a full investigation into appellant's charge and because of the lack of full investigation, the Board's decision was arbitrary, unreasonable, and unconscionable.  We disagree.

**{¶29}** Knapp summarized the email exchange between appellant and Andrews by stating that "the union responded to Mr. Hudak's email by advising him it would not be appealing the arbitrator's decision because, pursuant to the contract, the arbitration decision was final and binding."  Knapp's summary was not factually or materially inaccurate, reviewed the information contained in the emails, and made the reasonable

conclusion that because of Andrews' answer regarding lack of appeal rights, the union would not be appealing the decision.

**{¶30}** In addition, there is no evidence that the SERB board did not have the entire record before it when it made its decision. The email exchange between appellant and Andrews was included as "Attachment 3" to the Charging Party's (appellant's) Answers to the Information Request and thus the Board had the actual text of the emails before them at the time they rendered their decision. Further, it is clear that the Board did not rely exclusively on the Investigator's Memorandum when making their decision. The Investigator's Memorandum recommended dismissal due solely to the lack of timely filing of the complaint. However, the Board dismissed appellant's charge due to both lack of timely filing and lack of probable cause, reviewing the merits of the case and extending beyond Knapp's recommendation. Accordingly, appellant's assertion that the Board did not conduct a full investigation into appellant's unfair labor practice charge lacks merit.

**{¶31}** Appellant next argues the trial court erred when it determined Andrews' email to appellant did not constitute bad faith, arbitrariness, or the failure to take a basic required step. We disagree. Appellant argues Andrews misled appellant with regard to his appeal rights under R.C. § 2711.10 and R.C. § 2711.11 because the purpose of appellant's email was to determine whether any appeal right existed.

**{¶32}** Basic and required steps vary depending on the nature of representation being provided and include filing a grievance, processing a grievance, deciding whether to take a grievance to arbitration, participating in labor-management committee meetings, negotiating with an employer regarding wages, hours, terms and conditions of

employment, and conducting a contract ratification hearing. *State ex rel. Hall*, 122 Ohio St.3d at 533-534. We agree with the trial court that an appeal of the arbitrator's decision by the union was not a "basic and required step" in the representation of appellant such that a rebuttable presumption of arbitrariness arises. Pursuant to R.C. § 2711.10, an arbitration award will only be overturned upon a showing of fraud, corruption, material mistake, or evidence that the arbitrator exceeded his or her authority. Because the grounds for vacating or modifying an arbitration decision are limited, the determination whether to appeal the arbitrator's decision is within the discretion of the union based upon the facts and circumstances of each individual case.

{¶33} Even if the decision to appeal the arbitration award is a basic and required step, the presumption of arbitrariness can be rebutted by providing a justification or viable excuse for its actions. *State ex rel. Hall*, 122 Ohio St.3d at 533-534. In this case, the union believed the award was final and believed, as indicated in their responses to the information request by Knapp, that "the arbitrator's decision is in accordance with his authority under Section 7.6 of the CBA and is based on evidence, testimony, and argument presented by the parties at the hearing and in post-hearing briefs * * * [c]ontrary to Mr. Hudak's claim, there is no basis for seeking to vacate or modify the Arbitrator's decision * * *." The union also believed that appellant's admission to "swatting a female co-worker on the butt in front of a client" was sexual harassment and in violation of SCDJFS' zero tolerance policy. The union further indicated it "processed and arbitrated a similar grievance involving discipline issued to another employee for sexual harassment with similar results. The grievance was denied and the discipline upheld." Accordingly, the union rebutted any presumption of

arbitrariness and SERB did not abuse its discretion when it found no breach of duty of fair representation.

**{¶34}** Further, we find SERB did not abuse its discretion in finding the union's actions were not arbitrary, discriminatory, or in bad faith with respect to any advice and/or lack of appeal taken on appellant's behalf.  Appellant cites to the email by Andrews to demonstrate the union misinformed him about his right to appeal the arbitrator's decision.  However, appellant's email inquiry to Andrews specifically inquired: "is there any provision in the collective bargaining agreement that allows a further appeal in the court."  The only provision in the collective bargaining agreement in regards to the decision of the arbitrator is Section 7.6 of the collective bargaining agreement, the section Andrews quoted in his reply email to appellant.  Section 7.6 states: "The decision of the Arbitrator shall be binding upon the parties."  There is no language in the collective bargaining agreement to suggest an appeal of an arbitrator's decision to a trial court is provided by the terms of the agreement.  Appellant failed to demonstrate any evidence to show that Andrews' response to his specific inquiry was in error.

**{¶35}** Appellant argues it was incumbent upon Andrews to explain to appellant the holding of *Leon v. Boardman Twp.,* 100 Ohio St.3d 335, 800 N.E.2d 12 (2003) (holding that an employee does not have standing to petition a court to vacate pursuant to R.C. 2711.10 unless such a right is expressly stated in the collective bargaining agreement) that the collective bargaining agreement did not allow him an individual right to challenge the arbitrator's decision.  Appellant posits this response by Andrews would have "let the cat out of the bag" that an appeal of an arbitrator's decision was possible.

We question appellant's assertion that an email from Andrews stating the collective bargaining agreement did not allow appellant an individual right to challenge the arbitrator's decision would have achieved a different result or understanding than did the email Andrews actually sent to appellant. Further, appellant fails to present any evidence that Andrews' failure to cite the Ohio Supreme Court's holding in *Leon* was anything more than an honest mistake or misjudgment. There is no evidence Andrews knew the holding in *Leon* and intentionally, arbitrarily, discriminatorily, or in bad faith withheld the information from appellant when he responded to his email.

{¶36} Finally, appellant has not presented any evidence, beyond his own statement that he believed "the Union could not have been unaware that they had the ability to appeal this decision," of improper motive, bad faith, or discriminatory intent on behalf of the union. We agree with the trial court that such lack of intent, coupled with a rational basis for not appealing the arbitrator's decision (i.e., the unlikelihood it would be reversed), supports a finding that the union was not arbitrary in deciding not to appeal the arbitrator's decision and any failure by Andrews in his email response to appellant was not "so egregious as to be beyond the bounds of honest mistake or misjudgment." Accordingly, we find the trial court did not err in finding that SERB did not abuse its discretion when it dismissed appellant's unfair labor practice charge for lack of probable cause.

*Timeliness*

{¶37} Appellant argues the Board's determination that appellant's claim was untimely filed was incorrect because it was based on misinformation provided by

Knapp's Investigator's Memorandum and states he did not know from the text of the October 14, 2011 email that the union would not be appealing his decision.

{¶38} R.C. § 4117.12(B) provides in pertinent part: "The board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board * * *." The failure to file the charge within the ninety-day limitation mandates dismissal of the charge. *State ex rel. Crumbley v. State Emp. Relations Bd.*, 8th Dist. No. 95229, 2011-Ohio-735. The ninety-day period begins to run when the charging party "knew or should have known of the conduct which initiated the action." *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 677 N.E.2d 343 (1997).

{¶39} In this case, SERB found that "the events giving rise to the charge occurred more than 90 days before the filing of the charge with the Board. No mitigating circumstances existed that warranted equitable tolling of the statute of limitations." We agree.

{¶40} As discussed above, Knapp's memorandum summarized the email exchange between appellant and Andrews and the Board had the actual text of the emails in the record before them when they made their decision. The email from Andrews on October 14, 2011 clearly indicated to appellant the decision of the arbitrator would be binding upon the parties. Thus, appellant knew or should have known no later than October 14, 2011 when he received the email that the union would not appeal the arbitrator's decision and the ninety-day statute of limitations for the filing of the unfair labor practice charge began to run on that day. Appellant did not file his unfair labor charge until March 20, 2012, more than ninety days past the October 14, 2011 trigger

date for the R.C. § 4117.12(B) statute of limitations. Accordingly, we find that SERB did not abuse its discretion in dismissing the unfair labor practice on the ground the charge was not timely filed.

**{¶41}** Appellant's first and second assignments of error are overruled.

III.

**{¶42}** Appellant argues the trial court lacked jurisdiction or was not competent to hear the case based on SERB's failure to file the Investigator's Memorandum with the trial court. Alternatively, appellant contends that the Investigator's Memorandum was not filed within the time limits required by R.C. § 4117.13(D). We disagree.

**{¶43}** In this case, it is clear from the record that the Investigator's Memorandum was filed with the trial court prior to its December 6, 2012 decision. After SERB filed the certified record with the trial court on October 24, 2012, SERB submitted a notice of filing to supplement the record and indicated the Investigator's Memorandum was inadvertently omitted from the original filing of the record. A certified copy of the Investigator's Memorandum was clocked by the Stark County Clerk of Courts on November 29, 2012. In addition, appellant filed a notice of filing a supplement to the record on December 3, 2012, and attached a copy of the Investigator's Memorandum. Accordingly, the trial court had the complete record before it rendered its decision and prior to the non-oral summary judgment hearing date of December 4, 2012. Further, both parties cited, referenced the pertinent language used by SERB's investigator, and made extensive arguments about the memorandum in their motions for summary judgment.

**{¶44}** R.C. § 4117.13(D) states in pertinent part, "Within ten days after the court receives a notice of appeal, the board shall file in the court a transcript of the entire record in the proceeding, certified by the board, including the pleading and evidence upon which the order appealed from was entered." Appellant contends appellee did not meet this time requirement by filing the Investigator's Memorandum seven days prior to the trial court's decision.

**{¶45}** However, R.C. § 4117.13(D) specifically states it applies to "any person aggrieved by any final order of the board * * *." The Ohio Supreme Court stated: "As is clear from a review of the statute as a whole, R.C. 4117.13 applies only to the enforcement and review of SERB's final order resulting from adjudication on the merits of an unfair labor practice case. It does not grant this right to appeal quasi-prosecutorial determinations to proceed or not proceed with unfair labor practice complaints * * * a probable cause determination is not a final order resulting from an adjudication on the merits of an unfair labor practice case." *Ohio Assn. of Public School Employees, Chapter 643, AFSCME/AFL-CIO v. Dayton City School Dist. Bd. of Education*, 59 Ohio St.3d 159, 160, 572 N.E.2d 80 (1991). In this case, appellant is challenging a probable cause determination, not a final order resulting from an adjudication on the merits. Thus, R.C. § 4117.13(D) is not applicable. Accordingly, the trial court did not lack jurisdiction simply because SERB filed the Investigator's Memorandum seven days prior to the trial court's decision. Appellant's third assignment of error is overruled.

**{¶46}** Based on the foregoing, we find SERB did not abuse its discretion in dismissing the unfair labor practice charge on the merits or on timeliness grounds and that no genuine issues of material fact exist.

**{¶47}** The judgment entry of the Stark County Court of Common Pleas granting summary judgment to SERB and denying appellant's writ of mandamus is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


WSG:clw 0611

[Cite as *State ex rel. Hudak v. State Emp. Relations Bd.*, 2013-Ohio-2679.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL.          :
DOUGLAS HUDAK                    :
                                :
                     Appellant  :
                                :
                                :
-vs-                            :          JUDGMENT ENTRY
                                :
STATE EMPLOYMENT RELATIONS      :
BOARD                           :
                                :
                                :
                     Appellee   :          CASE NO. 2013CA00007


For the reasons stated in our accompanying Memorandum-Opinion, the judgment entry of the Stark County Court of Common Pleas granting summary judgment to SERB and denying appellant's writ of mandamus is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY