OPINION
{¶ 1} Plaintiffs-appellants, Dennis W. Smith (individually, "Smith") and his wife, Dana M. Smith (collectively, "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee State *Page 2 
Farm Mutual Automobile Insurance Company ("State Farm") and denying appellants' motion for partial summary judgment.[1]
 {¶ 2} On November 24, 2004, Smith, in the course and scope of his employment with the Franklin County Municipal Court, operated a motor vehicle made available for his regular use, by his employer and was involved in an accident caused by an underinsured motorist. Smith suffered bodily injuries as a result of the accident. At the time of the accident, appellants were insured under an automobile liability policy issued by State Farm that included uninsured/underinsured ("UM/UIM") coverage. Based upon a policy exclusion for bodily injuries suffered while Smith was operating a vehicle available for his regular use, which was not insured under the policy, State Farm refused to pay UM/UIM benefits.
 {¶ 3} As relevant here, appellants subsequently filed an action seeking a declaration that the policy provides UM/UIM coverage. State Farm filed a motion for summary judgment and appellants filed a cross-motion for partial summary judgment. The trial court issued a decision granting summary judgment in favor of State Farm and denying appellants' cross-motion for partial summary judgment, journalizing its decision on March 10, 2008. Appellants appeal, assigning one error for our review:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANTS, DENNIS W. SMITH AND DANA M. SMITH, IN ORDERING SUMMARY JUDGMENT IN FAVOR OF APPELLEE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ON APPELLANTS' ASSERTED UNDERINSURED MOTORIST CLAIM AGAINST STATE FARM POLICY NUMBER 071 3439-D23-35. *Page 3 
 {¶ 4} As appellants' assignment of error arises out of the trial court's summary judgment rulings, we set forth the familiar standard governing summary judgment. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. This court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 5} Pursuant to Civ. R. 56(C), summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. State ex rel. Grady v. State Emp. Relations Bd.,78 Ohio St.3d 181, 183, 1997-Ohio-221.
 {¶ 6} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 393, 1996-Ohio-107. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ. R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. Id. If the moving party fails to satisfy its initial *Page 4 
burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the nonmoving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ. R. 56(E); Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 7} R.C. 3937.18 permits an insurer to effectively limit UM/UIM coverage through a provision commonly known as the "regular use" exclusion. In particular, R.C. 3937.18(I)(1) provides, as relevant here, that an insurance policy that includes UM/UIM coverage may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured when the insured is "operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured * * * if the motor vehicle is not specifically identified in the policy under which a claim is made."
 {¶ 8} Here, the parties do not dispute that, at the time of the accident, Smith was operating a vehicle available for his regular use in the course and scope of his employment, which was not specifically identified in appellants' policy as a covered vehicle. Further, the parties do not dispute that R.C. 3937.18(I)(1) authorizes an insurer to incorporate a "regular use" exclusion into an automobile liability policy. Rather, the parties disagree as to whether State Farm properly endorsed appellants' policy to add the exclusionary language authorized by R.C. 3937.18(I)(1) and whether State Farm properly notified appellants of the endorsement.
 {¶ 9} In its motion for summary judgment, State Farm argued that the policy in effect at the time of the accident included a "regular use" exclusion which precluded *Page 5 
UM/UIM coverage. In support of its argument, State Farm attached a copy of policy No. 71 3439-D23-35(B), along with the affidavit of State Farm Underwriting Team Manager, Tyna Doran, certifying that the policy was "issued to" appellants and was "in effect" at the time of the accident. (State Farm December 27, 2007 motion for summary judgment, Exhibit B.) This policy includes the following "regular use" exclusion:
 WHEN COVERAGE U DOES NOT APPLY
 THERE IS NO COVERAGE:
 * * *
 2. FOR DAMAGES ARISING OUT OF AND DUE TO BODILY INJURY TO AN INSURED
 A. WHILE OPERATING OR OCCUPYING A MOTOR VEHICLE OWNED BY, LEASED TO, FURNISHED TO, OR AVAILABLE FOR REGULAR USE OF YOU, YOUR SPOUSE OR ANY RELATIVE IF THAT MOTOR VEHICLE IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY.
(Emphasis sic.) (See policy No. 71 3439-D23-35[B], 6935A Amendatory Endorsement, at 5.) (State Farm December 27, 2007 Motion for Summary Judgment, Exhibit B.)
 {¶ 10} Page one of the declarations page indicates that the "Policy Period" is September 2, 2003 to April 23, 2004, and also includes the following notations under the caption "IMPORTANT MESSAGES":
 YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET — FORM 9835A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU WITH ANY SUBSEQUENT RENEWAL NOTICE.
 REPLACED POLICY NUMBER 0713439-35A.
 * THE TOTAL PREMIUM FOR THE POLICY PERIOD LISTED ABOVE REFLECTS A RECENT CHANGE TO *Page 6 YOUR POLICY PLUS THE 6 MONTH RENEWAL PREMIUM.
 YOUR TOTAL CURRENT 6 MONTH PREMIUM FOR OCT 23 2003 TO APR 23 2004 IS $312.40.
 GUARANTEE PERIOD OCT 23 2003 TO OCT 23 2005 SUBJECT TO CONDITIONS 4 AND 5.
(Emphasis sic.)
 {¶ 11} Page two of the declarations page includes the following relevant notations under the caption "EXCEPTIONS AND ENDORSEMENTS":
 6091P CERTIFICATE OF GUARANTEED RENEWAL.
 6935A AMENDMENT OF DEFINED WORDS: INSUREDS DUTIES; LIABILITY, MEDICAL PAYMENTS, UNINSURED MOTOR VEHICLE PHYSICAL DAMAGE COVERAGES; AND CONDITIONS — EFF OCT 23 2003.
 {¶ 12} The policy also includes an "Important Notice Regarding Changes To Your Car Policy" ("Important Notice"), which states, in relevant part, under the caption "UNINSURED MOTOR VEHICLE COVERAGE (COVERAGE U)":
 THE FOLLOWING CHANGES HAVE BEEN MADE TO UNINSURED MOTOR VEHICLE COVERAGE (COVERAGE U). MOST OF THE CHANGES ARE THE RESULT OF RECENT OHIO COURT DECISIONS OR ARE IN RESPONSE TO OHIO SENATE BILL 97.
 * * *
 10. WE HAVE ADDED LANGUAGE STATING THAT THERE IS NO LONGER COVERAGE WHEN AN INSURED IS OPERATING OR OCCUPYING A MOTOR VEHICLE FURNISHED TO OR AVAILABLE FOR THE REGULAR USE OF YOU, YOUR SPOUSE, OR ANY RELATIVE IF THAT VEHICLE IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY. THIS COULD MEAN THERE IS NO COVERAGE UNDER YOUR POLICY WHEN YOU *Page 7 
OPERATE A VEHICLE FURNISHED TO YOU BY YOUR EMPLOYER.
 {¶ 13} The "Important Notice" also states that the endorsement was to take effect at the time of the upcoming renewal:
 ENDORSEMENT 6935A, WHICH IS ENCLOSED, MAKES THESE CHANGES TO YOUR POLICY. CHANGES THAT BROADEN COVERAGE ARE EFFECTIVE JUNE 1, 2003. CHANGES THAT RESTRICT COVERAGE ARE EFFECTIVE ON YOUR FIRST RENEWAL ON OR AFTER JUNE 1, 2003. PLEASE READ ENDORSEMENT 6935A, AND PLACE IT WITH YOUR POLICY. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT YOUR AGENT.
 {¶ 14} Appellants filed a memorandum contra State Farm's motion for summary judgment, supported by the "Affidavit and Memorandum" of appellants' counsel, Robert W. Kerpsack. Mr. Kerpsack, citing the September 2, 2003 to April 23, 2004 "Policy Period" language on page one of the declarations page, asserted that the policy period began on September 2, 2003, and that the policy language stating that Endorsement 6935A (which added the "regular use" exclusion) became effective on October 23, 2003 established that such policy change was not made at the beginning of the policy period on September 2, 2003, in contravention of R.C. 3937.31(E), which authorizes insurers to incorporate changes into an automobile liability policy only at the beginning of any policy period within the two-year guarantee period set forth in R.C. 3937.31(A).
 {¶ 15} In response, State Farm argued that appellants were mistaken in asserting that the policy period began on September 2, 2003. State Farm explained that it does not send out a new declarations page every six months; rather, it sends out only renewal/premium notices every six months. State Farm further stated that it issues a new *Page 8 
declarations page only if an insured requests a change to the policy. According to State Farm, it issued the new declarations page on September 2, 2003, to correct a misspelling of Smith's name; this declarations page was the last one issued before the accident. State Farm noted that appellants' policy normally renewed every six months on April 23 and October 23 of each year, and that page two of the declarations page reflected that Endorsement 6935A was attached and would take effect at the time of the next six-month renewal on October 23, 2003. State Farm argued that R.C. 3937.31(E) and relevant case law, including this court's opinion in Advent v. Allstate Ins. Co.,169 Ohio App.3d 318, 2006-Ohio-5522, [2] authorized it to incorporate the "regular use" exclusion into the existing policy at the beginning of the six-month renewal period on October 23, 2003.
 {¶ 16} Appellants subsequently filed a cross-motion for partial summary judgment. Appellants noted that the coverages under the original policy had been guaranteed for two years beginning on October 23 of odd-numbered years. Appellants asserted that, without their knowledge or consent, State Farm, on September 2, 2003, unilaterally canceled the original policy, which did not include the "regular use" exclusion, and reissued the policy under a different policy number and added the "regular use" exclusion. Appellants maintained that State Farm's unilateral cancellation and reissuance of the policy was expressly prohibited by R.C. 3937.31(A), as, under that section, the "new" *Page 9 
policy was required to contain at least the coverages provided under the "old" policy.[3] Appellants asserted that they never asked State Farm to cancel and reissue their policy with lesser UM/UIM coverage. According to appellants, State Farm's unilateral attempt to add a "regular use" exclusion to their UIM coverage in the middle of the policy term (on October 23, 2003) was neither permitted nor required by statutes relating to UM/UIM coverage; accordingly, the addition of Endorsement 6935A to the policy was void as a matter of law.
 {¶ 17} Appellants further argued that State Farm's reliance on R.C. 3937.31(E) was misplaced, as the attempted coverage reduction occurred on September 2, 2003, approximately two months before the next six-month renewal period was to begin on October 23, 2003. In addition, appellants disagreed with State Farm's contention that it complied with R.C. 3937.31 by delaying the effective date of Endorsement 6935A until October 23, 2003, the date on which the two-year coverage guarantee period would have expired had the policy not been cancelled and reissued. Appellants argued that nothing in R.C. 3937.31 permitted State Farm to unilaterally alter the terms of the policy in the middle of the contract term. According to appellants, since they neither authorized nor were notified of State Farm's unilateral cancellation and reissuance of the policy, any argument that they somehow endorsed or ratified the addition of the "regular use" exclusion failed as a matter of law. *Page 10 
 {¶ 18} In conclusion, appellants argued that, at the time State Farm reissued the policy on September 2, 2003, it did not include a "regular use" exclusion; therefore, pursuant to R.C. 3937.31(A), State Farm was prohibited for at least two years (until September 2, 2005) from providing appellants with lesser UM/UIM coverage subject to a "regular use" exclusion. According to appellants, since the accident occurred during the two-year coverage period from September 2, 2003 to September 2, 2005, State Farm was compelled by R.C. 3937.31(A) to provide UM/UIM coverage regardless of whether Smith was operating a non-covered vehicle available for his regular use.
 {¶ 19} In support of their motion, appellants attached the affidavit of Dana Smith, who attested that: (1) between at least October 23, 2001 to October 23, 2005, she and her husband were the named insureds under motor vehicle liability insurance policy No. 71 3439-D23-35 issued by State Farm; (2) on September 2, 2003, she telephoned her State Farm agent and requested the termination of motor vehicle liability insurance coverage on one of their personal vehicles, but neither requested nor authorized any other changes to the coverages provided under the policy; (3) prior to September 2, 2003, the policy provided UM/UIM coverage for her husband's operation of motor vehicles available for his use through his employment; (4) following the September 2, 2003 telephone conversation with the State Farm agent, neither she nor her husband received any notifications, letters or correspondence either from State Farm, the State Farm agent or anyone else advising of any changes to the UM/UIM coverages provided under the policy; (5) between at least October 23, 2001 and October 23, 2005, neither she nor her husband requested or authorized any changes to the UM/UIM coverages provided under the policy; and (6) between at least October 23, 2001 and October 23, 2005, she and her *Page 11 
husband believed that the policy provided the same UM/UIM coverages at all such times, and that no changes had ever been made to those coverages.
 {¶ 20} After reviewing the parties' summary judgment motions, the trial court determined that UM/UIM coverage was not available to appellants pursuant to the "regular use" exclusion contained in the policy. In particular, the court, citing our decision inAdvent, noted that under R.C. 3937.31(E), where a policy is guaranteed renewable for successive policy periods totaling not less than two years as permitted by R.C. 3937.31(A), an insurer may incorporate changes permitted by statute at the beginning of any policy period. The court further noted that, even though State Farm provided notice of the policy change on September 2, 2003, prior to the start of the renewal period, the policy's declarations page indicated that Endorsement 6935A was not effective until October 23, 2003, which was the beginning of the renewal period. In essence, the court rejected appellants' argument that the policy period began on September 2, 2003. The court determined that appellants had cited no legal authority supporting the proposition that delaying the effective date of Endorsement 6935A was insufficient to comply with R.C. 3937.31 or that policy changes must both be announced and implemented on the one day at the beginning of a six-month policy renewal period.
 {¶ 21} Further, the court determined that the policy attached to State Farm's motion for summary judgment, which included the "regular use" exclusion, was the policy in effect at the time of the accident. In support of this finding, the trial court cited Ms. Doran's affidavit and statements on the declarations page signaling October 23, 2003 as the start-date of the six-month renewal period and the beginning of a new two-year guarantee period. *Page 12 
 {¶ 22} The court further determined that the effectiveness of Endorsement 6935A did not depend upon appellants' knowledge of the changes made to coverages thereunder or the absence of explicit consent to those changes. The court concluded that State Farm sent appellants advance notice of Endorsement 6935A and appellants chose to maintain coverage under the policy, as modified.
 {¶ 23} In short, the trial court concluded that State Farm had presented evidence that the policy, including Endorsement 6935A, attached to its motion for summary judgment, was in effect at the time of the accident and that the change made by Endorsement 6935A complied with R.C. 3937.31. The court further found appellants had failed to present any admissible evidence which controverted State Farm's evidence establishing October 23, 2003 as the start-date of the six-month policy period and the effective date of Endorsement 6935A.
 {¶ 24} On appeal, appellants contend the trial court erred in granting summary judgment to State Farm and in denying their motion for partial summary judgment. In particular, appellants contend the trial court misinterpreted R.C. 3937.31(E) to permit insurers to unilaterally implement coverage reductions in the middle of a policy period. Appellants argue that R.C. 3937.31(E) unambiguously provides that insurers may modify the terms and conditions of an automobile liability policy only at the beginning of any policy period within the two-year guarantee period. Appellants maintain the trial court erred in failing to find that State Farm's addition of Endorsement 6935A on October 23, 2003, was not made at the beginning of a six-month policy renewal period on September 2, 2003, in contravention of R.C. 3937.31(E), and in finding that State Farm *Page 13 
complied with R.C. 3937.31(E) by delaying the effective date of Endorsement 6935A until October 23, 2003.
 {¶ 25} We do not agree with appellants' contention that State Farm changed the terms of appellants' policy in the middle of a six-month renewal period in contravention of R.C. 3937.31(A). As explained by State Farm, appellants' policy normally renewed every six months on October 23 and April 23. It issued the new declarations page on September 2, 2003, merely to reflect the correction to Smith's name and, at that time, announced the addition of Endorsement 6935A to the policy. Page one of the declarations page clearly states that the six-month renewal period was from October 23, 2003 to April 23, 2004, and that the two-year guarantee period began on October 23, 2003. Further, page two of the declarations page indicates that Endorsement 6935A would not take effect until October 23, 2003. As well, the "Important Notice" regarding changes to the policy indicates that Endorsement 6935A was to take effect on the first renewal after June 1, 2003, that is, October 23, 2003. As did the trial court, we reject appellants' contention that State Farm's issuance of the new declarations page on September 2, 2003, established a new policy period. The declarations page of the policy establishes that the six-month renewal period and new two-year guarantee period began on October 23, 2003, and that State Farm endorsed the policy with the regular use exclusion as of that date. As noted previously, R.C. 3937.18(E) specifically authorizes insurers to incorporate changes into an automobile liability policy at the time of a six-month renewal or at the beginning of a new two-year guarantee period. As noted by the trial court, appellants cite no authority for the proposition that State Farm contravened R.C. 3927.18(A) by announcing the policy endorsement in advance of the implementation *Page 14 
of that change on the first day of the beginning of a new six-month policy renewal period and new two-year guarantee period. Accordingly, we find that State Farm properly endorsed appellants' policy to add the "regular use" exclusion in accordance with R.C. 3937.31(A).
 {¶ 26} Having determined that State Farm properly endorsed appellants' policy to add the "regular use" exclusion, we turn next to appellants' second contention, i.e., whether the trial court properly found that appellants received notice of the addition of Endorsement 6935A to their policy. Appellants argue that no evidence in the record establishes that State Farm provided such notice to appellants. Appellants note that Ms. Doran's affidavit states merely that the policy containing Endorsement 6935A was "issued to" appellants and "in effect" on the date of loss; it does not specifically aver that State Farm notified appellants of the addition of Endorsement 6935A. Appellants further contend the trial court ignored Mrs. Smith's affidavit, which expressly stated that appellants never received any notifications, letters or correspondence either from State Farm, their State Farm agent or anyone else regarding the addition of Endorsement 6935A to the policy. Appellants argue that, as no evidence established that they were notified of the change, they are entitled to summary judgment or, at the very least, the issue of whether appellants received notice of the addition of Endorsement 6935A to their policy is a material question of fact, thereby precluding summary judgment for State Farm.
 {¶ 27} Initially, we note that the trial court made no specific reference to Mrs. Smith's affidavit in its order granting summary judgment to State Farm. Further, the trial court provided no explanation for its failure to consider the affidavit. "Civ. R. 56(C) places *Page 15 
a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this requirement constitutes reversible error." Murphy v. Reynoldsburg,65 Ohio St.3d 356, 1992-Ohio-95, syllabus. We find the trial court's failure to consider Mrs. Smith's affidavit, without explanation, reversible error.
 {¶ 28} Further, even assuming that the trial court considered the affidavit, we nonetheless find a genuine issue of material fact regarding the notice issue. In Kasakaitas v. Floering (Mar. 20, 1992), Lucas App. No. L-91-209, the court considered a similar issue. There, the plaintiffs, a husband and wife, purchased automobile insurance, including UM/UIM coverage, from the defendant insurer in 1985. The policy did not exclude coverage for injuries sustained while riding a motorcycle that was owned by the plaintiffs, but not insured under the policy. In 1988, the wife was injured by an underinsured motorist while riding a motorcycle owned by her husband. The plaintiffs sought a judicial declaration requiring the insurer to pay UM/UIM benefits under the policy. In response, the insurer asserted that the terms of the policy in effect at the time of the accident were different than the policy terms put forth by the plaintiffs. In particular, the insurer asserted that a new policy was issued in 1986, which contained a broader exclusion omitting coverage for all owned but undeclared vehicles including motorcycles.
 {¶ 29} All parties moved for summary judgment. The insurer relied on the affidavit of its general counsel which identified the new policy booklet as the policy that was "in effect" at the time of the accident. The plaintiffs denied receiving any new policy booklet and relied on the original policy booklet obtained in 1985. The trial court granted the *Page 16 
insurer's motion for summary judgment, finding that the 1986 policy was "in effect" at the time of the accident.
 {¶ 30} On appeal, the court, citing J.R. Roberts Son v. Natl. Ins.Co. of Cincinnati (1914), 2 Ohio App. 463, noted that "changes in coverage made by an insurer are invalid and unenforceable absent notice by the insurer to the insured." The court determined that a basic disagreement of fact existed as to whether plaintiffs received notice of the change in coverage. The court reiterated that the insurer relied on the affidavit of its general counsel identifying the 1986 policy as the one "in effect" on the day of the accident, while the plaintiffs relied on the husband's affidavit who stated that, to the best of his knowledge, he had never received the new policy booklet. The court noted that plaintiffs, as the nonmoving party, were entitled to have the evidence construed most strongly in their favor. Accordingly, the court determined that, because the case presented a factual question to be resolved in the trial court, summary judgment was not appropriate.
 {¶ 31} As in Kasakaitas, the instant case presents a factual question to be resolved in the trial court. Here, State Farm relies on the affidavit of its underwriting team manager identifying the policy including the "regular use" exclusion as the one "in effect" at the time of the accident. In contrast, appellants rely on the affidavit of Mrs. Smith, who attested that neither she nor her husband ever received notification of the endorsement to the policy. As inKasakaitas, appellants, as the nonmoving party, are entitled to have that evidence construed most strongly in their favor. Viock, supra. As there remains a genuine issue of material fact with regard to whether appellants received notice of the *Page 17 
endorsement to the State Farm policy, summary judgment was not appropriate. Civ. R. 56.
 {¶ 32} Accordingly, we sustain appellants' assignment of error as to the notice issue. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas granting summary judgment to State Farm and remand this matter to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
 PETREE and TYACK, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellants' claims against Leigha A. Speakman, Kimberly Speakman, United Healthcare of Ohio, Inc., and Ohio Bureau of Workers' Compensation were disposed of in the trial court. State Farm is the sole remaining appellee.
[2] The Supreme Court of Ohio affirmed our decision in Advent v.Allstate Ins. Co., 118 Ohio St.3d 248, 2008-Ohio-2333, holding that insurers may incorporate any changes permitted or required by statutes relating to UM/UIM coverage at the beginning of any policy-renewal period on or after October 31, 2001, within the policy's two-year guarantee period that began on or after September 21, 2000.
[3] R.C. 3937.31(A) provides, in relevant part, that: "Every automobile insurance policy shall be issued for a period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years. Where renewal is mandatory, `cancellation,' as used in sections 3937.30 to 3937.39 of the Revised Code, includes refusal to renew a policy with at least the coverages, included insureds, and policy limits provided at the end of the next preceding policy period." *Page 1